TEXTO COMPLETO DE LA SENTENCIA
El demandante-apelante, Manuel Iván Vázquez González, solicita la revocación de la sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, mediante la cual se desestimó la demanda de epígrafe en cuanto a Wilfredo Vázquez Agüero, Lydia Montalvo, en su carácter personal, y la Sociedad Legal de Gananciales compuesta por ambos.
Los señores Vázquez González y Vázquez Agüero son hermanos. En la acción incoada, el demandante-apelante reclama el cumplimiento específico de un alegado contrato de sociedad que se efectuó entre éste y West Land & Maintenance Corporation. Se presentó primera demanda, el 19 de agosto de 1996, en el Tribunal de Primera Instancia, Sala Superior de Ponce. La demandada original fue West Land & Maintenance Corporation (en adelante West Land), empresa que se dedica a la industria de la construcción.
Se adujo que las partes otorgaron un contrato de sociedad a los fines de realizar en conjunto varios proyectos para beneficio del Departamento de Educación del Gobierno de Puerto Rico. Luego de finalizados los trabajos, el demandante reclamó que aún no ha recibido la participación que alegadamente le corresponde como *874 resultado de la liquidación de la sociedad. Posteriormente se decretó el traslado del caso al tribunal apelado.
En fecha 7 de octubre de 1996, se presentó demanda enmendada para incluir a los co.-demandados, Wilfredo Vázquez Agüero, Presidente de West Land, su esposa Lydia Montalvo, la Sociedad Legal de Gananciales compuesta por ambos, Rika Montford y José W. Vázquez, accionistas y empleados de la corporación respectivamente.
__ En este nuevo escrito, se alegó que la corporación demandada era un alter ego del co-demandado, Wilfredo Vázquez Agüero, que se realizaron actuaciones fraudulentas ante el Departamento de Educación para obtener la subasta y se imputo responsabilidad a los demandados por alegadas actuaciones malintencionadas que no fueron detalladas. El demandante-apelante solicito se descomerá el velo corporativo para que se impusiera responsabilidad directa contra los referidos co-demandados.
West Land contestó la demanda y presentó reconvención. Reclamó al demandante los daños alegadamente sufridos como resultado de la retención por parte de éste de documentos, materiales y equipo de su propiedad.
El 5 de noviembre de 1997, el demandante, mediante moción informativa, notificó al Tribunal su decisión de renunciar a la acción de descorrer el velo corporativo, y que ello no debía entenderse como un desistimiento de la acción instada contra los demandados.
En fecha 20 de noviembre de 1997, se celebró la primera reunión entre los abogados del demandante-apelante y de la demandada West Land. Las partes delimitaron las controversias del caso y estipularon, entre otras cosas, que el demandante-apelante no haría gestiones para descorrer el velo corporativo, conforme a lo informado en su moción de 5 de noviembre de 1997. Recogieron sus estipulaciones en un escrito que presentaron al Tribunal, el 8 de diciembre de 1997, durante una vista sobre el estado procesal del caso. En dicha vista, las partes acordaron que el informe sometido constituiría una estipulación que regiría los procedimientos ante el foro de instancia.
En fecha 10 de marzo de 1998, se celebró otra conferencia entre los abogados del demandante-apelante y de la demandada West Land. Como resultado de la misma, las partes llegaron a ciertos acuerdos, recogidos en escrito titulado "Informe sobre Conferencia entre Abogados", de fecha 24 de marzo de 1998. En dicho informe, el demandante estipuló lo siguiente:

"1. Se retiran como demandados a: José W. Vázquez, Rika Montford, Lydia Montalvo y Wilfredo Vázquez.

2. Se desiste de la acción de levantar el velo corporativo...

Así mismo, las partes delimitaron de nuevo las controversias a ser dirimidas ante el foro de instancia. Estipularon, entre otras cosas, que media controversia en cuanto a la existencia o no de una sociedad entre el demandante-apelante y la co-demandada West Land.
El 27 de marzo de 1998, se celebro conferencia con antelación al juicio, en la que las partes presentaron el referido informe. Solicitaron al foro de instancia la aprobación del mismo a los fines de que las estipulaciones vertidas en él rigieran los procedimientos, a menos que el mismo fuera enmendado posteriormente por ambas partes con el consentimiento del Tribunal. El foro de instancia accedió a dicha solicitud.
Posteriormente, la representación legal del demandante fue asumida por otro abogado.
En fecha 7 de octubre de 1999, se celebro una vista de seguimiento del caso en la cual el demandante apelante alegó que su acción personal contra el señor Wilfredo Vázquez Agüero y su esposa, en su carácter personal, prevalecía a pesar de las estipulaciones realizadas. En dicha ocasión, el foro de instancia consignó que *875 hasta ese momento había interpretado que en el pleito quien estaba demandada era la corporación, y ordeno a la anterior representación legal del demandante comparecer por escrito explicando el alcance de la enmienda hecha a las alegaciones mediante el referido informe. Le ordenó que indicara claramente contra quién estaba desistiendo y en qué capacidad.
Así las cosas, mediante comparecencia especial, la antigua representación legal del demandante- apelante se retractó en cuanto a lo estipulado en el informe y adujo que solo había desistido de su reclamación con respecto a los esposos Vázquez-Montalvo en su carácter de incorporadores de West Land, mas no en su carácter personal. West Land objetó dicho señalamiento.
Las partes reafirmaron sus contenciones en cuanto al particular durante conferencia transaccional celebrada, el 22 de diciembre de 1999. Se solicitó al foro de instancia que resolviera dicha controversia. El Ttibunal determinó que lo haría por escrito.
Posteriormente, el tribunal a quo dictó la sentencia parcial apelada. Determino lo que se transcribe a continuación:

"...se resuelve que en el caso de autos no existe una causa de acción individual contra los co-dernandados Wilfredo Vázquez Agüero, Lydia Montalvo, la Sociedad de Gananciales compuesta por ambos, Rika Montfordy José W. Vázquez. Su responsabilidad, de demostrarse alguna, queda amparada por el ente corporativo al que representan. No existiendo razón para posponer dictar la presente sentencia hasta la resolución final del pleito, se declara la desestimación de la demanda de epígrafe en cuanto a estas personas en su carácter personal... . 

El foro de instancia fundamentó su determinación en que era válida y obligatoria la estipulación pactada y vertida en el referido informe, mediante la cual el demandante renunció expresamente a su causa de acción personal en cuanto a dichas personas, y desistió de su reclamo de levantar el velo de la corporación demandada. Explicó que dicha estipulación tuvo el efecto de hacer inexistente, bajo los hechos del caso, cualquier causa de acción personal contra dichos codemandados.
Se archivó en autos copia de la notificación de la sentencia apelada, el 30 de marzo de 2000. El 7 de abril de 2000, el demandante presentó moción solicitando determinaciones de hechos adicionales y enmiendas a las ya vertidas por el tribunal a quo en su sentencia parcial. El 31 de mayo de 2000, el foro de instancia, mediante resolución, declaró No Ha Lugar dicha moción. Se archivó en autos copia de su notificación en fecha 5 de junio de 2000.
En virtud de lo anterior, el demandante-apelante recurrió ante nos, imputando al Tribunal de Primera Instancia haber errado "al resolver que la determinación unilateral y voluntaria de la parte demandante de no continuar promoviendo su alegación de descorrer el velo corporativo, conlleva desistir de su reclamación en contra de los codemandados, Wilfredo Vazquez Agüero, su esposa Lydia Montalvo, en su carácter personal, y como representantes de la Sociedad Legal de Bienes Gananciales constituida entre ambos .
El 8 de agosto de 2000, West Land presentó su alegato en oposición a la apelación instada.
Estudiado el expediente y el derecho aplicable, estamos en posición de resolver.
I
El demandante-apelante aduce que incidió el foro de instancia al resolver que la decisión tomada por él en cuanto a desistir de su reclamación de descorrer el velo corporativo de la co-demandada West Land, conllevó desistir de su reclamación en contra de los codemandados, Wilfredo Vázquez Agüero y su esposa Lydia Montalvo, en su carácter personal, y como representantes de Sociedad Legal de Bienes Gananciales que ambos *876 integran.
De la sentencia parcial apelada ,surge con claridad que la determinación del tribunal a quo de desestimar la demanda de epígrafe en cuanto a estas personas no se basó principalmente en la acción del demandante-apelante de renunciar a su solicitud de descorrer el velo corporativo de West Land. La decisión del foro de instancia tuvo su origen en la clara y manifiesta renuncia del demandante-apelante a su causa de acción contra dichas personas, la que figura en un informe sometido al Tribunal y aprobado por éste, en el cual las partes redactaron ciertas estipulaciones convenidas durante conferencia celebrada entre sus abogados. .
No obstante, en su escrito de apelación el demandante-apelante arguye que su intención al suscribir el informe en el cual acordó enmendar sus alegaciones a los fines de retirar como demandados a dichas personas, no fue desistir de su causa de acción contra los esposos Vazquez-Montalvo en su carácter personal. No le asiste la razón.
El Tribunal Supremo ha sostenido que una estipulación constituye una admisión judicial" que implica un desistimiento formal de cualquier contención contraria a ella. Existen diversas clases de estipulaciones: (i) las que constituyen admisiones de hechos y dispensan del requisito de probar tales hechos; (ii) las que reconocen derechos y tienen el alcance de una adjudicación respecto de tales derechos; y (iii) las que proponen determinado curso de acción; por ejemplo, que se celebre una conferencia con antelación al juicio o que se someta un asunto a la consideración de un comisionado especial. Ramos Rivera v. E.L.A., Sentencia de 16 de abril de 1999, 99 J.T.S. 63; P.R. Glass Corp. v. Tribunal Superior, 103 D.P.R. 223 (1975).
Las estipulaciones tienen el propósito de evitar demoras, inconvenientes y gastos, y su uso debe promoverse para lograr el propósito de hacer justicia rápida y económica. Estas deben interpretarse liberalmente, de forma compatible con la intención de las partes y el propósito de hacer justicia. No obstante, de existir dudas en cuanto a la intención de las partes, se debe adoptar la interpretación que sea más favorable para la persona a cuyo favor se hizo la estipulación. Ramos Rivera v. E.L.A., supra; P.R. Glass Corp. v. Tribunal Superior, supra.
Se ha sostenido que los jueces han de aceptar los convenios y estipulaciones a los que lleguen las partes para finalizar un pleito o un incidente dentro del mismo, cuando éstos no atenten contra la moral o el orden publico. Ex Parte Negrón Rivera y Bonilla, 120 D.P.R. 61 (1987); P.R. Glass Corp. v. Tribunal Superior supra, ’
Una vez suscrita por las partes o por sus abogados y aceptada por el tribunal, la estipulación que finaliza un pleito o como en este caso, un incidente dentro del mismo, constituye un contrato de transacción que obliga a las partes y tiene efecto de cosa juzgada. Rodríguez v. Zayas Martínez, 133 D.P.R. 409 (1993); Magee v. Alberro, 126 D.P.R. 228 (1990); Ex parte Negrón Rivera y Bonilla, supra; Sucesión Román v. Shelga Corp., Ill D.P.R. 782 (1981); P.R. Glass Corp. v. Tribunal Superior, supra.
Al constituir declaraciones de voluntad las estipulaciones suscritas por las partes en litigio, su interpretación debe ser en el sentido más conforme con la confianza que hayan podido suscitar, de acuerdo con la buena fe. Estas deben ser interpretadas presuponiendo una lealtad y una corrección en su elaboración, es decir, entendiendo que las partes al redactarlas quisieron expresarse según el modo normal propio de gentes honestas y no buscando circunloquios, confusiones indebidas u oscuridades. Véase, In re: Negrón Rivera, supra.
Así las cosas, entendemos que no erró el foro de instancia al determinar que el demandante-apelante desistió de su causa de acción personal contra los co-demandados Wilfredo Vázquez Agüero, y su esposa Lydia Montalvo al suscribir las estipulaciones vertidas en el informe resultante de la segunda conferencia entre los abogados de las partes.
De dicho informe, surge que el demandante-apelante acordó enmendar sus alegaciones a los fines de retirar *877 del pleito a los referidos co-demandados. El lenguaje utilizado en dicho acuerdo fue claro y terminante. No fue posteriormente enmendado. Así, pues, mediante dicha estipulación, el demandante-apelante renunció expresamente a su causa de acción contra estas personas.
Al constituir dicho desistimiento el resultado de un acuerdo entre los litigantes que fue aprobado por el foro de instancia, concluimos que el mismo tiene carácter obligatorio para el demandante-apelante y su cumplimiento debe ser conforme a sus términos y condiciones. Más aún, de los autos se desprende que ambos litigantes consignaron ante el tribunal a quo que el informe, en que fue recogido dicho acuerdo, habría de regir los procedimientos. Sin embargo, el demandante-apelante ahora intenta revocar su acción.
Es sabido que en ausencia de una demostración de inexistencia de causa, la mediación de fraude, dolo o razón de orden público alguna para impugnar lo hecho, una parte está impedida de ir contra sus propios actos. En el derecho civil, dicho postulado toma el nombre de la doctrina de los actos propios. Lausell Marxuach v. Díaz Yánez, 103 D.P.R. 533. Esta doctrina se enmarca dentro del principio general de Derecho que ordena proceder de buena fe en la vida jurídica. A esos fines, se ha sostenido la norma de que los tribunales deben impedir la conducta contradictoria de una parte. International General Electric v. Concrete Builders of P.R., Inc., 104 D.P.R. 871 (1976).
Entendemos, pues, que en el caso de marras, las precedentes normas nos impiden permitir al demandante-apelante volver sobre sus propios actos y retractarse de su curso de acción al suscribir el referido acuerdo. La confianza suscitada por su declaración de voluntad, la claridad que caracteriza la misma, y el hecho de que acceder a invalidarla conllevaría desvirtuar los propósitos de obtener justicia en la forma rápida y económica que promueve el ordenamiento, hacen inadmisible su contención. Mas aun, el demandante-apelante no ha demostrado que medie fraude, dolo o razón de orden público alguna que justifique contradecir lo hecho.
Por lo tanto, coincidimos con el foro de instancia en que su renuncia a la causa de acción personal contra los referidos codemandados, es válida y obligatoria.
Así las cosas, la corporación West Land quedó como única demandada en el pleito de epígrafe. No obstante, y como anteriormente señaláramos, el demandante-apelante insiste en que, independientemente de su enmienda a las alegaciones, bajo los hechos del caso aun posee una causa de acción contra los esposos Vázquez-Montalvo, en su carácter personal. En apoyo de su contención, plantea que está vigente en el pleito una reclamación por incumplimiento de un alegado contrato de sociedad que otorgó con el Sr. Vázquez Agüero. Tampoco le asiste la razón.
A pesar de que en el escrito de apelación se alega la existencia de un contrato de sociedad entre el demandante-apelante y el Sr. Wilfredo Vázquez Agüero, las constancias del expediente revelan que dicha alegación no forma parte de las controversias a ser dirimidas ante el Tribunal de Primera Instancia.
Como antes señalamos, las partes limitaron las controversias a dirimirse ante el foro de instancia mediante el informe suscrito por sus abogados en fecha 24 de marzo de 1998, el cual rige los procedimientos del caso. Dicho informe dispone, en lo pertinente, que en el caso de autos media controversia en tomo a:
"l. (La) [ejxistencia o no de una sociedad entre el demandante Manuel Iván Vázquez y la co-demandada West Land and Maintenance Corp... (Enfasis nuestro)
Del estado actual del caso, reflejado por el expediente, no surge que en los procedimientos ante el tribunal a quo se vaya a dilucidar controversia alguna en cuanto a la existencia o no de una sociedad entre el demandante-apelante y el Sr. Vázquez Agüero, sino entre aquél y West Land. Este hecho, en unión a la renuncia: (1) a la causa de acción del demandante contra los esposos Vázquez-Montalvo, en su carácter personal, y (2) a su reclamo de descorrer el velo corporativo de West Land, hacen forzoso concluir que no incidió el foro de *878 instancia al desestimar la demanda de epígrafe contra dichas personas, en su carácter personal, puesto que su responsabilidad, de demostrarse alguna, queda amparada por el ente corporativo al que representan. Veamos.
Sabido es que una corporación tiene su propia personalidad jurídica y su propio patrimonio, distintos a la personalidad y al patrimonio de sus accionistas, sean estos últimos personas naturales o jurídicas. Sucesión Pérez v. Gual, 76 D.P.R. 959 (1954): Cruz v. Ramírez, 75 D.P.R. 947 (1954). En consecuencia, la responsabilidad de los accionistas por las deudas y obligaciones de la corporación está generalmente limitarla al capital que éstos hayan aportado al patrimonio de la corporación. Fleming v. Toa Alta Development Corp 96 D.P.R. 240 (1968).
De otra parte, el Artículo 12.04 de la Ley de Corporaciones de 1995 dispone, en lo pertinente:

"...(b) No se entablará pleito alguno contra ningún oficial, director o accionista por deuda u obligación de la corporación de la cual es oficial, director o accionista, hasta que se dicte sentencia final en contra de la corporación, y que la ejecución de la misma permanezca insatisfecha, ni después de tres (3) años a partir de la fecha de tal sentencia, y cualquier oficial, director o accionista podrá levantar cualquier defensa que la corporación hubiere podido levantar contra tal deuda u obligación. Este inciso (b) no aplicará a los pleitos que se entablecen contra oficiales o directores de una corporación que estén en proceso de disolución por mal administración en el ejercicio de sus funciones con arreglo a las sees. 3001 a 3015 de este título." 

Es norma reiterada que los tribunales descartarán la personalidad jurídica de una corporación y sujetarán el patrimonio de los accionistas para responder por las deudas y obligaciones de la misma en aquellos casos en los cuales la corporación es meramente un "alter ego" o conducto económico pasivo ("business conduit") de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la gestión corporativa y, si ello es necesario, para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ("wrong"). Fleming v. Toa Alta Development Corp., supra; San Miguel Fertilizer v. P. R. Drydock, 94 D.P.R. 424 (1967); J.E. Candal & Co. v. Rivera, 86 D.P.R. 508 (1962); Sucesión Pérez v. Gual, supra; Cruz v. Ramírez, supra.
Corresponde a la parte que propone el levantamiento del velo corporativo, presentar prueba que demuestre la inexistencia de una separación adecuada entre la corporación y el accionista, y que los hechos son tales que reconocer dicha persona jurídica equivaldría a sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen. Díaz Aponte v. Comunidad San José, Inc., 130 D.P.R. 782 (1992); Cruz v. Ramírez, supra; Fleming v. Toa Alta Development Corp., supra; San Miguel Fertilizer v. P.R. Drydock, supra.
El peso de la prueba para levantar el velo corporativo no se descarga con la mera alegación de que la empresa es un alter ego de una persona, sino con prueba concreta que demuestre que la personalidad de la corporación y de la del accionista no se mantuvieron adecuadamente separadas. San Miguel Fertilizer Corp. v. P.R. Drydock, supra; J.E. Candal & Co. v. Rivera, supra; Sucesión Pérez v. Gual, supra.
Aplicando la normativa expuesta, concluimos que en el presente caso no existe razón en derecho para sostener la teoría del apelante en cuanto a que existe una causa de acción contra los referidos codemandados, en su carácter personal.
En primer lugar, al no mediar controversia en tomo a la existencia de una sociedad entre el demandante-apelante y el Wilfredo Vázquez Agüero, sino entre aquél y West Land, no procede reclamar responsabilidad individual o directa contra el referido co-demandado y su esposa. Segundo, el hecho de que en este pleito West Land quedara como única demandada, hace improcedente adjudicar responsabilidad personal, en primera instancia, a sus accionistas. Veamos.
*879 West Land, por razón de ser un ente corporativo, posee su propia personalidad jurídica y su propio patrimonio, distintos a la personalidad y al patrimonio de sus accionistas. Así las cosas, de determinarse algún tipo de responsabilidad en el presente caso, sería contra la corporación exclusivamente y no contra sus accionistas o funcionarios. De la única manera en que el foro de instancia pudiera adjudicar responsabilidad personal, de existir alguna, contra el Sr. Vázquez Agüero (accionista y Presidente de la corporación), sería mediante la acción de descorrer el velo de la corporación demandada, de demostrarse que ésta es meramente un conducto económico pasivo de aquél, o, de ser ello necesario, para evitar un fraude, la realización de un propósito ilegal o para evitar una clara inequidad o mal.
A pesar de que en su demanda enmendada el apelante adujo que dicha corporación era un "alter ego" del Sr. Wilfredo Vázquez y solicitó se descorriera el velo corporativo posteriormente, y como antes indicamos, renunció a dicha solicitud. Así las cosas, resulta improcedente insistir en la existencia de una acción contra los referidos co-demandados en su carácter personal.
Cabe señalar que, independientemente del curso de acción tomado por el apelante, éste nunca colocó al tribunal a quo en posición de acceder a una solicitud de levantar el velo corporativo de West Land. A tenor con la normativa antes expuesta, el apelante tenía el peso de la prueba para demostrar -con evidencia concreta-, la inexistencia de una adecuada separación entre la corporación demandada y el Sr. Vázquez Agüero, y que los hechos del caso son tales que reconocer legítimamente la existencia de West Land produciría un fraude, una injusticia o la evasión de alguna obligación legal. Sin embargo, de los autos surge que, estando el procedimiento en etapas avanzadas, el apelante sólo había expuesto alegaciones superficiales en cuanto a que West Land era un "alter ego" de su Presidente.
El apelante plantea que el foro de instancia incurrió en contradicción al disponer de la acción instada en cuanto a los referidos co-demandados, aun cuando en la misma sentencia parcial apelada consignó que carecía de jurisdicción sobre la persona de éstos, por razón de no haber sido emplazados. En su resolución de 31 de. mayo de 2000, el tribunal a quo determinó que aun cuando se hubiese adquirido jurisdicción sobre dichas personas, el resultado procesal del caso sería el mismo. Coincidimos con dichas expresiones. De la aplicación de las normas antes esbozadas a los hechos particulares de este caso, se desprende que no erró el tribunal a quo al desestimar la acción incoada en cuanto a los esposos Vázquez-Montalvo.
Se confirma la sentencia parcial apelada y se ordena la continuación de los procedimientos del caso de epígrafe en el Tribunal de Primera Instancia.
.Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 57
1. Véase Apéndice del Escrito de Apelación, págs. 89-90.
2. Cabe destacar el hecho antes señalado en cuanto a que el tribunal a quo, al serle manifestada por la representación legal del demandante-apelante su contención en cuanto al alcance de las enmiendas a las alegaciones que fueron estipuladas, consignó que hasta ese momento su interpretación era que en el pleito la única demandada era la corporación West Land. Véase "Minuta" de 7 de octubre de 1999, Apéndice del Escrito de Apelación, a la pág. 70.
3. Véase Apéndice del Escrito de Apelación, a la pág. 49.
4. Como antes expresamos, dicho informe no sufrió enmiendas posteriores.
5.14L.P.R.A. §3129.
*880 6. En dicha resolución, el Tribunal aclaró que de los autos surgía copia de un emplazamiento diligenciado en fecha 21 ,de ¡ noviembre de 1997 al co-demandado Vázquez Agüero,, "por sí y en representación Je ía Sociedad (L)egal de : Gananciales". Véase Apéndice del Escrito de Apelación, a lapág. 99. ’