EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Casco Sales Company, Inc.<br> Licitador Peticionario<br><br>v.<br><br>Gobierno Municipal de Barranquitas<br>Y su Junta de Subastas<br> Recurridos<br><br>R&B Power, Inc. González Trading<br>Diversified Equipment Corporation<br>Puerto Rico Wire Products, Inc. y<br>Rimco, Inc.<br> Licitadores | Certiorari<br><br>2007 TSPR 228<br><br>172 DPR \_\_\_\_ |

Número del Caso: CC-2006-403


Fecha: 19 de diciembre de 2007


Tribunal de Apelaciones:

    Región Judicial de Aibonito

Juez Ponente:

    Hon. Jorge L. Escribano Medina

Abogado de la Parte Peticionaria:

    Lcdo. Rafael J. Vázquez González

Abogado de la Parte Recurrida:

    Lcdo. Tomás Correa Acevedo



Materia: Adquisición de un "Loader"



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Casco Sales Company, Inc.
  Licitador Peticionario

        v.

Gobierno Municipal de Barranquitas
y su Junta de Subastas                CC-2006-403     Certiorari
  Recurridos

R&B Power, Inc., González Trading,
Diversified Equipment Corporation,
Puerto Rico Wire Products, Inc. y
Rimco, Inc.
  Licitadoras

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 19 de diciembre de 2007.

En esta ocasión, nos corresponde examinar qué efecto se le debe conferir a una determinación judicial mediante la cual se declara que una persona jurídica es un *alter ego* de otra que está impedida de licitar y contratar con las agencias del Gobierno, corporaciones públicas, municipios, o con la Rama Legislativa o Judicial. Específicamente, debemos resolver si un dictamen judicial de ese tipo es vinculante y, por tanto, impide que en el futuro se le adjudique a la entidad declarada *alter ego* una subasta gubernamental distinta a la que dio lugar al dictamen en cuestión. Respondemos dicha interrogante en la afirmativa.

I

Los hechos de este caso no están en controversia. El 20 de octubre de 2005, el Municipio de Barranquitas celebró la subasta número 07-05-06 para la adquisición de un cargador frontal. A dicha subasta comparecieron las siguientes licitadoras: CASCO Sales Company, Inc. (en adelante, CASCO Sales), Rimco, Inc., Diversified Equipment Corporation, Puerto Rico Wire Products, Inc., González Trading y R & B Power, Inc. Tras evaluar las propuestas, la Junta de Subastas del referido municipio le concedió la buena *pro* a R & B Power, Inc.

Luego de la adjudicación, CASCO Sales le cursó una misiva al Alcalde del Municipio de Barranquitas advirtiéndole de una Sentencia del Tribunal de Apelaciones en el caso CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, donde se determinó que R & B Power, Inc. es un *alter ego* de Clemente Santisteban, Inc.[1], corporación que se declaró culpable ante la Corte de Distrito Federal para el Distrito de Puerto Rico por un delito cuyo elemento constitutivo es el fraude[2]. En el referido dictamen, el Tribunal de Apelaciones dispuso específicamente que "queda prohibido a cualquier parte del Gobierno, incluyendo a los

---

[1] Para esa fecha, la Sentencia aludida aún no era final y firme, toda vez que R & B Power, Inc. había presentado un recurso de *certiorari* ante este Tribunal.

[2] Clemente Santisteban, Inc. se declaró culpable de violar el Título 18 del *United States Code*, sección 1001(a), sobre declaraciones falsas (presentación de información falsa ante el Servicio de Aduanas Federal). No existe controversia en cuanto a que el fraude es un elemento constitutivo de dicho delito.

municipios y las corporaciones públicas, el otorgar contratos para la compra de productos o servicios con R & B Power, Inc." Amparándose en esa Sentencia, CASCO Sales adujo que la Junta de Subastas del Municipio estaba impedida de mantener la adjudicación a favor de dicha entidad.

Dado que el Alcalde no realizó gestión alguna con respecto a la carta enviada, CASCO Sales acudió ante el Tribunal de Apelaciones solicitando que se dejara sin efecto la adjudicación de la subasta por haberse realizado a favor de una entidad impedida de hacer negocios con el Estado Libre Asociado de Puerto Rico. En específico, sostuvo que la Sentencia emitida por el Tribunal de Apelaciones en el caso CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, constituye cosa juzgada para efectos del presente caso y que, por ende, la parte recurrida estaba impedida de re-litigar la capacidad de R & B Power, Inc. para licitar en subastas gubernamentales.

Sin embargo, el Tribunal de Apelaciones confirmó la determinación de la Junta de Subastas por entender que la determinación previa emitida por otro Panel de ese foro resultaba insuficiente para ser aplicada a los hechos de este caso. Entendió que "la persona jurídica acusada ante el foro federal fue la corporación Clemente Santisteban, Inc. y no sus funcionarios en su carácter personal, pudiendo éstos hacer negocios como una entidad distinta a través de R & B Power, Inc.". A base de ello, concluyó que el dictamen emitido en el caso CASCO Sales v. Departamento

de Agricultura, KLRA2005-00366, no tiene fuerza vinculante para efectos de este caso[3].

Insatisfecha, CASCO Sales acude ante nos aduciendo que la doctrina de cosa juzgada resulta de aplicación a los hechos de este caso. A tales efectos, sostiene que erró el foro apelativo al negarle fuerza vinculante a la Sentencia previamente emitida, mediante la cual se había declarando a R & B Power, Inc. *alter ego* de Clemente Santisteban, Inc. y se le había prohibido al Gobierno contratar con dicha corporación o adjudicar subastas a su favor. Cónsono con ello, alega que incidió dicho foro al no poner en vigor las disposiciones de la Ley Núm. 458 de 29 de diciembre de 2000, la cual le prohíbe a las entidades de Gobierno adjudicar subastas o contratos a favor de personas naturales o jurídicas convictas de ciertos delitos constitutivos de fraude, malversación o apropiación ilegal de fondos públicos.

Por su parte, R & B Power, Inc. sostiene que el Tribunal de Apelaciones actuó correctamente al sostener el dictamen de la Junta de Subastas, toda vez que la doctrina de cosa juzgada resulta inaplicable a los hechos de este caso. Fundamenta su alegación principalmente en el hecho de que para el momento en que la Junta de Subastas y el Tribunal de Apelaciones emitieron su dictamen, la Sentencia

---

[3] Para la fecha en que el Tribunal de Apelaciones emitió esa determinación, la Sentencia mediante la cual se declaró que R & B Power, Inc. es un *alter ego* de Clemente Santisteban, Inc. aún no era final y firme porque -si bien se había denegado ya el recurso presentado ante esta Curia- todavía quedaba por resolver una moción de reconsideración oportunamente presentada.

mediante la cual se determinó que R & B Power, Inc. es un *alter ego* de Clemente Santisteban, Inc. aún no había advenido final y firme. De igual forma, sostiene que no se cumplen los requisitos de la doctrina de cosa juzgada, toda vez que no existe identidad de partes ni de objeto entre el caso en que se determinó la inhabilidad de R & B Power, Inc. para participar en subastas gubernamentales y el caso que nos ocupa. A su vez, sugiere que mientras este Tribunal no determine que ella, en efecto, constituye un *alter ego* de Clemente Santisteban, Inc., no será obligatorio que se le considere como tal. Finalmente, R & B Power, Inc. aduce que, de ser vinculante de alguna forma la Sentencia que la declaró *alter ego* de la entidad convicta, cualquier limitación que la misma configurara caducó por haber transcurrido el término establecido en la Ley Núm. 458, *supra*, como prohibición para que una entidad convicta pueda participar en subastas gubernamentales.

Examinada la petición presentada por CASCO Sales, acordamos expedir. Con el beneficio de los argumentos de las partes, procedemos a resolver.

II

El Art. 1 de la Ley Núm. 458, *supra*, dispone que ningún jefe de agencia o instrumentalidad del Gobierno, corporación pública, municipio, o de la Rama Legislativa o Rama Judicial, adjudicará subasta o contrato alguno para la realización de servicios o la venta o entrega de bienes a persona natural o jurídica que haya sido convicta o se haya declarado culpable en el foro estatal o federal, en

cualquier otra jurisdicción de los Estados Unidos de América o en cualquier otro país, de ciertos delitos constitutivos de fraude, malversación o apropiación ilegal de fondos públicos[4]. 3 L.P.R.A. sec. 928.

Tal como se desprende de la disposición mencionada, las entidades gubernamentales enumeradas en la ley están impedidas de adjudicar subastas o contratar con una persona convicta o que se ha declarado culpable en un tribunal estatal o federal por cualquiera de los delitos enumerados. A su vez, un análisis a la inversa nos lleva a concluir que una entidad convicta por cualquiera de los delitos enumerados en la ley o que se ha declarado culpable de cometer alguno de ellos, está imposibilitada de participar como licitadora en subastas gubernamentales. Véase, además, Marina Costa Azul v. Comisión de Seguridad, res. 27 de abril de 2007, 2007 TSPR 78. Es decir, dichas entidades, por virtud de ley y después de una determinación de convicción, se encuentran impedidas de otorgar contratos para la realización de servicios o la venta o entrega de

---

[4] Los delitos por cuya convicción aplica la prohibición son los siguientes: (1) apropiación ilegal agravada en todas sus modalidades; (2) extorsión; (3) fraude en las construcciones; (4) fraude en la ejecución de obras de construcción; (5) fraude en la entrega de cosas; (6) intervención indebida en los procesos de contratación de subastas o en las operaciones del Gobierno; (7) soborno en todas sus modalidades; (8) soborno agravado; (9) oferta de soborno; (10) influencia indebida; (11) delitos contra fondos públicos; (12) preparación de escritos falsos; (13) presentación de escritos falsos; (14) falsificación de documentos; (15) posesión y traspaso de documentos falsificados. La ley dispone que para fines de la jurisdicción federal o de los estados o territorios de los Estados Unidos de América, aplicará la prohibición contenida en casos de convicción por los delitos cuyos elementos constitutivos sean equivalentes a los de los referidos delitos. 3 L.P.R.A. sec. 928b.

bienes con las agencias, corporaciones públicas, municipios y con las Ramas Legislativa y Judicial.

Ahora bien, la prohibición de adjudicar subastas o contratar con entidades convictas o que han hecho declaración de culpabilidad por alguno de los delitos contemplados en la ley, no necesariamente se limita a la persona natural o jurídica de que se trate. Ello en vista de que el legislador extendió su alcance con el fin de incluir otras entidades que pudieran responder a los conceptos "persona natural" y "persona jurídica". En lo que respecta a la **persona jurídica**, la ley incluye a las corporaciones, corporaciones profesionales, sociedades civiles y mercantiles, sociedades especiales, cooperativas y cualquier entidad definida como tal en cualquier ley aplicable, incluyendo aquellas que constituyan para estos fines un *alter ego* de la persona jurídica o subsidiaria de la misma. 3 L.P.R.A. sec. 928a.

Por tanto, con respecto a las personas jurídicas, la prohibición se extiende –entre otros supuestos– a todo aquel que para estos fines sea considerado su *alter ego.* Generalmente, una persona es considerada un *alter ego* o conducto económico pasivo de otra cuando entre ambas existe tal identidad de interés y propiedad que las personalidades se hallan confundidas, de manera que la corporación no es realmente una persona jurídica independiente. DACO v. Alturas Fl. Dev. Corp., 132 D.P.R. 905, 925 (1993); Fleming v. Toa Alta Dev. Corp., 96 D.P.R. 240, 244 (1968); San

Miguel Fertil. Corp. v. P.R. Drydock, 94 D.P.R. 424, 430
(1967).

Al amparo de esta doctrina, los tribunales prescinden
de la ficción corporativa y, por ende, descorren el velo
corporativo cuando reconocer a la persona jurídica
equivaldría a "sancionar un fraude, promover una
injusticia, evadir una obligación estatutaria, derrotar la
política pública, justificar la inequidad, proteger el
fraude o defender el crimen". Srio. DACO v. Comunidad San
José, 130 D.P.R. 782, 798 (1992); Sucn. Santaella v.
Secretario de Hacienda, 96 D.P.R. 442 (1968).

La intención del legislador al incluir en la
definición de "persona jurídica" a aquel que sea
considerado para estos fines un *alter ego* de la entidad en
cuestión fue, precisamente, evitar sancionar el fraude o
que se derrote la política pública de lograr un uso
adecuado de los fondos públicos cuando contratistas
privados realizan servicios o suministran bienes en
consideración al pago de dichos fondos. Véase *Exposición de
Motivos*, Ley Núm. 458, *supra*; Accumail de P.R. v. Junta de
Subastas, res. 12 de abril de 2007, 2007 TSPR 70. Así
surge del historial legislativo de la Ley Núm. 458, *supra*,
en cuanto demuestra que en la definición de "persona
jurídica" se incorporó al que sea considerado su *alter ego*
para evitar que se burle el propósito de la Ley mediante
tecnicismos. Por ejemplo, se quiso evitar que "una
compañía que resultare convicta de uno de los delitos
enumerados, pudiera utilizar una subsidiaria o una compañía

que en realidad sea un *alter ego* de la misma o simplemente cambiar el nombre, con el único propósito de burlar la justicia." Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes sobre P. del S. 1692.

Ahora bien, la peticionaria sostiene que un dictamen judicial declarando que determinada persona jurídica es un *alter ego* de otra resulta vinculante en otros procesos judiciales por virtud de la doctrina de cosa juzgada. Por cosa juzgada se entiende lo ya resuelto por fallo firme de un Juez o tribunal competente, que lleva en sí la seguridad de su irrevocabilidad. Parrilla Hernández v. Rodríguez Morales, res. 12 de noviembre de 2004, 2004 TSPR 173. Su propósito es impartirle finalidad a los dictámenes judiciales, de manera que las decisiones contenidas en los mismos concedan certidumbre y certeza a las partes en litigio. *Id*; Worlwide Food Dis., Inc. v. Colón, 133 D.P.R. 827 (1993); Pagán Hernández v. U.P.R., 107 D.P.R. 720 (1978). Es harto conocido que para que pueda aplicarse dicha doctrina tiene que concurrir entre el caso resuelto y el caso en que ésta se invoca la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. Art. 1204 del Código Civil, 33 L.P.R.A. sec. 3343; Méndez v. Fundación Esposos Luis Méndez, res. 11 de julio de 2005, 2005 TSPR 101; Rodríguez Rodríguez v. Colberg, 131 D.P.R. 212 (1992).

Evidentemente aquí no convergen los requisitos aludidos. Primero, aunque existe una sentencia final y firme, la misma no versa sobre el asunto objeto de este

litigio. La controversia en el caso CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, giraba en torno a la Subasta SC-34-005 del Departamento de Agricultura, cuyo objeto era la adquisición de 60 máquinas de oruga "bulldozers". Aunque en ese caso también se cuestionó la capacidad de R & B Power, Inc. para ser acreedora de la buena pro, lo cierto es que aquél trataba de un asunto diverso al que nos ocupa.

Por otro lado, no cabe duda que entre el pleito CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, y el de autos no existe perfecta identidad de partes. En el primero, las partes envueltas eran el Departamento de Agricultura, CASCO Sales y R & B Power, Inc., mientras que en este caso las partes son el Municipio de Barranquitas, CASCO Sales y R & B Power, Inc. Aunque, ciertamente, tanto CASCO Sales como R & B Power, Inc. concurren en ambos pleitos, existe una tercera persona en cada uno de ellos que impide la completa identidad de partes. Dichas personas tampoco litigaron en la misma calidad en uno y otro proceso, precisamente, porque defendían intereses diversos dada la naturaleza dispar de las subastas en cuestión. Resulta claro, por tanto, que la doctrina de cosa juzgada no es aplicable a los hechos de este caso.

Ahora bien, la inaplicabilidad de la doctrina mencionada no implica que la Sentencia emitida por el Tribunal de Apelaciones en el caso CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, carezca de efecto sobre el proceso de subasta bajo análisis. Aunque

la peticionaria se equivoca con respecto al fundamento para solicitar que se aplique el dictamen en cuestión, lo cierto es que su solicitud procede al amparo de otro fundamento, a saber, porque existe una disposición de ley que así lo requiere.

III

Como vimos antes, al Art. 1 de la Ley Núm. 458, *supra,* prohíbe que las agencias, corporaciones públicas, municipios y las Ramas Legislativa y Judicial adjudiquen subastas o contraten con personas naturales o jurídicas convictas de ciertos delitos o que han hecho alegación de culpabilidad. A su vez, el Art. 2 de dicho estatuto incluye en la definición de "persona jurídica" a todo el que sea considerado para estos fines un *alter ego* de la misma. Si sustituimos el concepto "persona jurídica" por *"alter ego"* en el texto de la disposición, debemos concluir que las entidades gubernamentales mencionadas están impedidas de adjudicar subastas o contratar también con el que sea considerado para estos fines un *alter ego* de la persona jurídica convicta o que ha hecho declaración de culpabilidad, lo cual –sin duda– requiere que haya recaído una determinación a esos efectos.

Ahora bien, esto no implica que debamos endosar la teoría que subyace bajo las alegaciones de R & B Power, Inc. a los efectos de que se requiere una determinación de *"alter ego"* en cada subasta en que participe, a menos que este Tribunal paute que ella, efectivamente, es un subterfugio de Clemente Santisteban, Inc. para licitar en

subastas gubernamentales. Nada en la ley requiere que la declaración de *"alter ego"* la haga un tribunal de determinada jerarquía. Más bien, basta con que exista un dictamen realizado por un foro con jurisdicción y competencia para que entre en función la prohibición de adjudicar subastas o contratar con la persona jurídica en cuestión[5].

De hecho, basta con tomar conocimiento judicial de un buen número de casos en los que el foro apelativo se ha enfrentado de una forma u otra a esta controversia[6], para comprender las consecuencias de una interpretación que conlleve una determinación de *alter ego* en cada proceso de subasta en que intervenga R & B Power, Inc. o cualquier otra entidad creada para burlar los propósitos del estatuto. Una norma a esos efectos propiciaría la coexistencia de dictámenes judiciales inconsistentes, lo que atentaría contra la estabilidad y seguridad jurídica de las partes. A su vez, dicho análisis implicaría un escollo sustancial en el proceso de aplicar las disposiciones de

---

[5] Nótese que, conforme al texto de la Ley, la prohibición general de adjudicar una subasta gubernamental o contratar con una persona convicta o que ha hecho alegación de culpabilidad por alguno de los delitos mencionados, también se basa en un dictamen de un foro con jurisdicción y competencia (el que determina la convicción).

[6] Véase, por ejemplo, CASCO Sales Company, Inc, v. Departamento de Agricultura (KLRA0500366), R & B Power, Inc. v. Autoridad de Energía Eléctrica (KLRA200400557), CASCO Sales Company, Inc. v. Municipio de Vega Alta (KLRA200600686), Clemente Santisteban, Inc. v. Municipio de Toa Baja (KLRA0200692, KLRA0200877, KLRA0200900), CASCO Sales Company, Inc. v. Departamento de Agricultura (KLRA200400270).

Ley Núm. 458, *supra*, lo cual tendría el efecto de impedir que el Estado se asegure de contratar con personas de probada honestidad. Todo ello, sin duda, iría en detrimento del valor custodiado por la Ley, que no es otra cosa que lograr el mejor manejo de los fondos públicos y combatir la corrupción en todas sus vertientes. Véase Exposición de Motivos, Ley Núm. 458, *supra*.

Por otro lado, tampoco podemos avalar la postura de R & B Power, Inc. a los efectos de que estamos impedidos de aplicar las disposiciones de la Ley Núm. 458, *supra*, por el mero hecho de que a la fecha en que se adjudicó la subasta aún no era final y firme la Sentencia mediante la cual se determinó que para estos fines ella es un *alter ego* de Clemente Santisteban, Inc. Téngase presente que la finalidad y firmeza del dictamen es requisito de la doctrina de cosa juzgada la cual, como indicamos antes, no es de aplicación a los hechos de este caso por razón de que el carácter vinculante de la Sentencia emitida en el caso CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, viene dado por disposición de ley.

De todas maneras, la ausencia de firmeza en la declaración de *alter ego* al momento de la adjudicación de la subasta que nos concierne, no impide que pongamos en vigor las disposiciones de la Ley Núm. 458, *supra*, sobre todo si tomamos en cuenta que una sentencia es efectiva hasta que sea revocada o anulada. Este resultado se impone todavía más si tomamos en cuenta que el adecuado manejo de los fondos del erario constituye un asunto investido de

alto interés público.  Así lo enfatizó el propio legislador como preámbulo del estatuto bajo análisis, en cuanto sostuvo que "[e]ntre las mayores responsabilidades del Gobierno, figura indudablemente el deber de velar por el uso y manejo apropiado de los fondos públicos y el evitar cualquier acto o conducta que afecte negativamente el uso adecuado de tales fondos". Exposición de Motivos, Ley Núm. 458, *supra*.  Precisamente, en consideración al valor intrínseco de la política pública que la Ley Núm. 458, *supra*, pretende vindicar, estamos llamados a interpretar sus disposiciones de forma tal que no se obstaculice su aplicación.

Además de lo anterior, cabe destacar que –si bien para esa fecha aún estaba pendiente de revisión el dictamen en cuestión– lo cierto es que al día de hoy el mismo goza de finalidad y firmeza[7].  Por tanto, conforme el mandato de la Ley Núm. 458, *supra*, debemos tomar conocimiento del mismo para determinar si procede mantener en vigor la adjudicación de la subasta a favor de R & B Power, Inc.[8]

---

[7] Ello en vista de que el 19 de mayo de 2006 este Tribunal declaró No Ha Lugar una moción de reconsideración presentada por R & B Power, Inc., luego de haberse denegado una petición de *certiorari* mediante la cual se solicitaba la revocación del dictamen que decretó su inhabilidad para licitar en subastas gubernamentales.

[8] Téngase en cuenta, además, que al adjudicar una controversia este Tribunal –como norma general– debe aplicar la ley a la luz de la situación imperante en ese momento, y no según se encontraba al momento de la adjudicación en primera instancia. Noriega v. Hernández Colón, 135 D.P.R. 406, nota 38 (1994); Berberena v. Echegoyen, 128 D.P.R. 864, 872 (1991).

Finalmente, debemos señalar que -contrario a lo que aduce R & B Power, Inc.- el hecho de que haya transcurrido el término de prohibición establecido en la Ley, no impide que pongamos en vigor sus disposiciones para efectos de la subasta objeto de revisión. Ciertamente, la prohibición de contratar o adjudicar subastas a favor de una entidad convicta o que ha hecho declaración de culpabilidad por uno de los delitos contemplados en la ley no es indefinida. Actualmente, dicha limitación tiene una duración de veinte (20) años en casos por delito grave y de ocho (8) años en casos por delito menos grave. 3 L.P.R.A. sec. 928d.

No obstante, antes de una enmienda introducida mediante la Ley Núm. 84 de 29 de julio de 2001, la limitación en cuestión tenía una duración diez (10) años a partir de la convicción correspondiente en casos por delito grave y de cinco (5) años en casos por delito menos grave. Precisamente, este último término es el que aplica a los hechos de este caso, toda vez que la enmienda aumentando el término no tiene efecto retroactivo[9]. De conformidad con ello, y dado que Clemente Santisteban, Inc. se declaró culpable el 29 de mayo de 2001 por un delito menos grave, debemos concluir que el término aplicable de cinco (5) años se cumplió el 29 de mayo de 2006.

---

[9] Así surge del texto mismo de la enmienda, en el cual se dispuso que la misma comenzaría a regir inmediatamente después de su aprobación. Art. 6 de la Ley Núm. 84, *supra.* Ello, sumado al hecho de que la ley vigente establece que sus disposiciones no tendrán efecto retroactivo, despeja cualquier duda con respecto a su aplicación prospectiva. 3 L.P.R.A. sec. 928h

Ahora bien, el hecho de que se haya cumplido el término de cinco (5) años aplicable a la prohibición de contratar o adjudicar subastas a favor de Clemente Santisteban, Inc. o quien pueda ser considerado para estos fines su *alter ego*, no implica que el impedimento no existiera para la fecha en que se adjudicó la subasta. Debemos recordar que nuestro dictamen no pretende disponer de la capacidad actual de R & B Power, Inc. para participar en subastas gubernamentales, sino de su habilidad para resultar acreedora de la buena *pro* en la subasta que nos ocupa. Es decir, nuestra intervención se limita a pasar juicio sobre la corrección de la determinación emitida por la Junta de Subastas y avalada por el Tribunal de Apelaciones en este caso, y no pretende juzgar la elegibilidad de R & B Power, Inc. para intervenir como licitadora en subastas posteriores. Así, aunque ha transcurrido el término de prohibición aplicable, lo cierto es que para la fecha en que se adjudicó la subasta que nos ocupa la limitación estaba vigente[10].

Aclarado lo anterior, resulta forzoso concluir que no se puede sostener el resultado de la subasta celebrada en este caso. Ello en vista de que la prohibición de que las agencias, corporaciones públicas, municipios y las Ramas Legislativa y Judicial adjudiquen subastas o contraten con

---

[10] Esto, incluso, podría tener implicaciones adicionales a la mera revocación del resultado de la subasta. Ello en vista de que, además de establecer la prohibición discutida, la ley también ordena la rescisión automática de los contratos vigentes para la fecha en que se declaró la convicción o culpabilidad. 3 L.P.R.A. sec. 928c.

una persona jurídica convicta o que se ha declarado culpable de cometer alguno de los delitos contemplados en la Ley, se extiende a todo aquél que para estos fines sea considerado un *alter ego* o subterfugio de ésta. Dado que un foro con jurisdicción y competencia ya llegó a la determinación de que R & B Power, Inc. se considera un *alter ego* de una entidad que hizo alegación de culpabilidad por un delito constitutivo de fraude, el Municipio de Barranquitas estaba impedido de adjudicar la subasta a su favor y, por ende, de contratar con ella para la realización de servicios o la venta o entrega de bienes.

IV

Por los fundamentos que anteceden, revocamos el dictamen del Tribunal de Apelaciones y, en consecuencia, el de la Junta de Subastas del Municipio de Barranquitas.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Casco Sales Company, Inc.
  Licitador Peticionario

            v.

Gobierno Municipal de Barranquitas
y su Junta de Subastas          CC-2006-403     Certiorari
  Recurridos

R&B Power, Inc., González Trading,
Diversified Equipment Corporation,
Puerto Rico Wire Products, Inc. y
Rimco, Inc.
  Licitadoras


                          SENTENCIA


        San Juan, Puerto Rico, a 19 de diciembre de 2007.

        Por los fundamentos expuestos en la Opinión
que antecede, la cual se hace formar parte íntegra
de la presente, se revoca el dictamen del Tribunal
de Apelaciones y, en consecuencia, el de la Junta
de Subastas del Municipio de Barranquitas.

        Así lo pronuncia y manda el Tribunal y
certifica la Secretaria del Tribunal Supremo. La
Juez Asociada señora Fiol Matta disiente sin
opinión escrita.


                      Aida Ileana Oquendo Graulau
                      Secretaria del Tribunal Supremo