El Juez Presidente Señor Hernández Dentón
emitió la opinión del Tribunal.
En esta ocasión, nos corresponde examinar qué efecto se le debe conferir a una determinación judicial mediante la cual se declara que una persona jurídica es un alter ego de otra que está impedida de licitar y contratar con las agen-cias del Gobierno, corporaciones públicas, municipios o con la Rama Legislativa o Judicial. Específicamente, debemos resolver si un dictamen judicial de ese tipo es vinculante y, por lo tanto, impide que en el futuro se le adjudique a la entidad declarada alter ego una subasta gubernamental distinta a la que dio lugar al dictamen en cuestión. Respon-demos dicha interrogante en la afirmativa.
*828 I
Los hechos de este caso no están en controversia. El 20 de octubre de 2005, el municipio de Barranquitas celebró la subasta número 07-05-06 para adquirir un cargador frontal. A dicha subasta comparecieron las licitadoras si-guientes: CASCO Sales Company, Inc. (CASCO Sales); Ri-mco, Inc.; Diversified Equipment Corporation; Puerto Rico Wire Products, Inc.; González Trading, y R & B Power, Inc. Tras evaluar las propuestas, la Junta de Subastas del re-ferido municipio le concedió la buena pro a R & B Power, Inc.
Luego de la adjudicación, CASCO Sales le cursó una misiva al Alcalde del municipio de Barranquitas. Le advir-tió de una Sentencia del Tribunal de Apelaciones en CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, en la cual se determinó que R & B Power, Inc. es un alter ego de Clemente Santisteban, Inc.(1) corporación que se declaró culpable ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico por un delito cuyo elemento constitutivo es el fraude.(2) En el referido dictamen, el Tribunal de Apelaciones dispuso, específicamente, que “queda prohibido a cualquier parte del Gobierno, incluyendo a los municipios y las corporaciones públicas, el otorgar contra-tos para la compra de productos o servicios con R & B Power, Inc”. Amparándose en esa Sentencia, CASCO Sales adujo que la Junta de Subastas del municipio estaba im-pedida de mantener la adjudicación a favor de dicha entidad.
Dado que el Alcalde no realizó gestión alguna con res- *829 pecto a la carta enviada, CASCO Sales acudió ante el Tribunal de Apelaciones para solicitar que se dejara sin efecto la adjudicación de la subasta por haberse realizado a favor de una entidad impedida de hacer negocios con el Estado Libre Asociado de Puerto Rico. En específico, sostuvo que la Sentencia emitida por el Tribunal de Apelaciones en CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, constituye cosa juzgada para efectos del presente caso y que, por ende, la parte recurrida estaba impedida de relitigar la capacidad de R & B Power, Inc. para licitar en subastas gubernamentales.
Sin embargo, el Tribunal de Apelaciones confirmó la de-terminación de la Junta de Subastas por entender que la determinación previa emitida por otro Panel de ese foro resultaba insuficiente para ser aplicada a los hechos de este caso. Entendió que “la persona jurídica acusada ante el foro federal fue la corporación Clemente Santisteban, Inc. y no sus funcionarios en su carácter personal, pu-diendo éstos hacer negocios como una entidad distinta a través de R & B Power, Inc.”. Abase de ello, concluyó que el dictamen emitido en CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, no tiene fuerza vinculante para efectos de este caso.(3)
Insatisfecha, CASCO Sales acude ante nos para aducir que la doctrina de cosa juzgada se puede aplicar a los he-chos de este caso. Por eso, sostiene que erró el foro apela-tivo al negarle fuerza vinculante a la Sentencia emitida previamente, mediante la cual se había declarado a R & B Power, Inc. alter ego de Clemente Santisteban, Inc. y se le había prohibido al Gobierno contratar con dicha corpora-ción o adjudicar subastas a su favor. Cónsono con ello, *830 alega que incidió dicho foro al no poner en vigor las dispo-siciones de la Ley Núm. 458 de 29 de diciembre de 2000, la cual le prohíbe a las entidades de gobierno adjudicar su-bastas o contratos a favor de personas naturales o jurídicas convictas de ciertos delitos constitutivos de fraude, malver-sación o apropiación ilegal de fondos públicos.
Por su parte, R & B Power, Inc. sostiene que el Tribunal de Apelaciones actuó correctamente al sostener el dicta-men de la Junta de Subastas, ya que la doctrina de cosa juzgada resulta inaplicable a los hechos de este caso. Fun-damenta su alegación principalmente en el hecho de que para el momento en que la Junta de Subastas y el Tribunal de Apelaciones emitieron su dictamen, la Sentencia me-diante la cual se determinó que R & B Power, Inc. es un alter ego de Clemente Santisteban, Inc. aún no había ad-venido final y firme. De igual forma, sostiene que no se cumplen los requisitos de la doctrina de cosa juzgada, ya que no existe identidad de partes ni de objeto entre el caso en que se determinó la inhabilidad de R & B Power, Inc. para participar en subastas gubernamentales y el caso que nos ocupa. A su vez, sugiere que mientras este Tribunal no determine que ella, en efecto, constituye un alter ego de Clemente Santisteban, Inc., no será obligatorio que se le considere como tal. Finalmente, R & B Power, Inc. aduce que, de ser vinculante de alguna forma la Sentencia que la declaró alter ego de la entidad convicta, cualquier limita-ción que la misma configurara caducó porque transcurrió el término establecido en la Ley Núm. 458, supra, como prohibición para que una entidad convicta pueda partici-par en subastas gubernamentales.
Examinada la petición presentada por CASCO Sales, acordamos expedir. Con el beneficio de los argumentos de las partes, procedemos a resolver.
*831 II
El Art. 1 de la Ley Núm. 458, supra, 3 L.P.R.A. sec. 928, dispone que ningún jefe de agencia o dependencia del Gobierno, corporación pública, municipio, o de la Rama Legislativa o Rama Judicial, adjudicará subasta o contrato alguno para que realicen servicios o la venta o entrega de bienes a persona natural o jurídica que haya sido convicta o se haya declarado culpable en el foro estatal o federal, en cualquier otra jurisdicción de los Estados Unidos de América o en cualquier otro país, de ciertos delitos constitutivos de fraude, malversación o apropiación ilegal de fondos públicos. (4)
Tal como se deduce de la disposición mencionada, las entidades gubernamentales enumeradas en la ley están impedidas de adjudicar subastas o contratar con una persona convicta o que se ha declarado culpable en un tribunal estatal o federal por cualquiera de los delitos enumerados. A su vez, un análisis a la inversa nos lleva a concluir que una entidad convicta por cualquiera de los delitos enumerados en la ley o que se ha declarado culpable de cometer alguno de ellos, está imposibilitada de par-ticipar como licitadora en subastas gubernamentales. Véase, además, Costa Azul v. Comisión, 170 D.RR. 847 (2007). Es decir, dichas entidades, por virtud de ley y des-pués de una determinación de convicción, se encuentran impedidas de otorgar contratos para servicios o la venta o *832 entrega de bienes con las agencias, corporaciones públicas, municipios y con las Ramas Legislativa y Judicial.
Ahora bien, la prohibición de adjudicar subastas o contratar con entidades convictas o que han hecho declaración de culpabilidad por alguno de los delitos incluidos en la ley, no necesariamente se limita a la persona natural o jurídica de que se trate. Ello en vista de que el legislador extendió su alcance para incluir otras entidades que pudieran responder a los conceptos “persona natural” y “persona jurídica”. En lo que respecta a la persona jurídica, la ley incluye a las corporaciones, corporaciones profesionales, sociedades civiles y mercantiles, sociedades especiales, cooperativas y cualquier entidad definida como tal en cualquier ley aplicable, incluso aquellas que constituyan para estos fines un alter ego de la persona jurídica o subsidiaria de la misma. 3 L.RR.A. sec. 928a.
Por lo tanto, con respecto a las personas jurídicas, la prohibición se extiende —entre otros supuestos— a todo aquel que para estos fines sea considerado su alter ego. Generalmente, una persona es considerada un alter ego o conducto económico pasivo de otra cuando entre ambas existe tal identidad de interés y propiedad que las personalidades se hallan confundidas, de manera que la corporación no es realmente una persona jurídica independiente. D.A.Co. v. Alturas Fl. Dev. Corp. y otro, 132 D.P.R. 905, 925 (1993); Fleming v. Toa Alta Develop. Corp., 96 D.P.R. 240, 244 (1968); San Miguel Fertil. Corp. v. P.R. Drydock, 94 D.P.R. 424, 430 (1967).
Por esta doctrina, los tribunales prescinden de la ficción corporativa y, por ende, descorren el velo corporativo cuando reconocer a la persona jurídica equivaldría a “san-cionar un fraude, promover una injusticia, evadir una obli-gación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen”. Srio. D.A.C.O. v. Comunidad San José, Inc., 130 D.P.R. 782, 798 *833 (1992). Véase Sucn. Santaella v. Srio. de Hacienda, 96 D.P.R. 442 (1968).
La intención del legislador al incluir en la definición de “persona jurídica” a aquel que sea considerado para estos fines un alter ego de la entidad en cuestión fue, precisamente, evitar sancionar el fraude o que se derrote la política pública de lograr un uso adecuado de los fondos públicos cuando los contratistas privados realizan servicios o suministran bienes en consideración al pago de dichos fondos. Véanse: Exposición de Motivos de la Ley Núm. 458, supra, 2000 Leyes de Puerto Rico 3099, 3100-3101; Accumail P.R. v. Junta Sub. A.A.A., 170 D.P.R. 821 (2007). Así surge del historial legislativo de la Ley Núm. 458, supra, en cuanto demuestra que en la definición de “persona jurídica” se incorporó al que sea considerado su alter ego para evitar que se burle el propósito de la ley mediante tecnicismos. Por ejemplo, se quiso evitar que “una compañía que resultare convicta de uno de los delitos enumerados, pudiera utilizar una subsidiaria o una compañía que en realidad sea un alter ego de la misma o simplemente cambiar el nombre, con el único propósito de burlar la justicia”. Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes sobre P. del S. 1692 de 11 de noviembre de 1999, pág. 4.
Ahora bien, la peticionaria sostiene que un dicta-men judicial en el cual se declare que determinada persona jurídica es un alter ego de otra resulta vinculante en otros procesos judiciales según la doctrina de cosa juzgada. Por cosa juzgada se entiende lo ya resuelto por fallo firme de un Juez o tribunal competente que lleva en sí la seguridad de su irrevocabilidad. Parrilla v. Rodríguez, 163 D.P.R. 263 (2004). Su propósito es que los dictámenes judiciales cum-plan su fin o propósito, de manera que las decisiones contenidas en los mismos concedan certidumbre y certeza a las partes en litigio. Íd.; Worlwide Food Dis., Inc. v. Colón et al., 133 D.P.R. 827 (1993); Pagán Hernández v. U.P.R., *834 107 D.P.R. 720 (1978). Para que pueda aplicarse dicha doc-trina tiene que concurrir entre el caso resuelto y el caso en que ésta se invoca la más perfecta identidad entre las co-sas, las causas, las personas de los litigantes y la calidad con que lo fueron. Art. 1204 del Código Civil, 31 L.P.R.A. see. 3343; Méndez v. Fundación, 165 D.P.R. 253 (2005); Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212 (1992).
Evidentemente aquí no convergen los requisitos aludidos. Primero, aunque existe una sentencia final y firme, la misma no versa sobre el asunto objeto de este litigio. La controversia en CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, se relacionaba con la Subasta SC-34-005 del Departamento de Agricultura, cuyo objeto era adquirir 60 máquinas de oruga “bulldozers”. Aunque en ese caso también se cuestionó la capacidad de R & B Power, Inc. para ser acreedora de la buena pro, lo cierto es que aquél trataba de un asunto diverso al que nos ocupa.
Por otro lado, no cabe duda que entre CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, y el de autos no existe perfecta identidad de partes. En el primero, las partes involucradas eran el Departamento de Agricul-tura, CASCO Sales y R & B Power, Inc., mientras que en este caso las partes son el Municipio de Barranquitas, CASCO Sales y R & B Power, Inc. Aunque, ciertamente, tanto CASCO Sales como R & B Power, Inc. concurren en ambos pleitos, existe una tercera persona en cada uno de ellos que impide la completa identidad de partes. Dichas personas tampoco litigaron en la misma calidad en uno y otro proceso, precisamente, porque defendían intereses diversos dada la naturaleza dispar de las subastas en cuestión. Resulta claro, por lo tanto, que la doctrina de cosa juzgada no es aplicable a los hechos de este caso.
Ahora bien, la inaplicabilidad de la doctrina mencio-nada no implica que la Sentencia emitida por el Tribunal de Apelaciones en CASCO Sales v. Departamento de Agri- *835 cultura, KLRA2005-00366, carezca de efecto sobre el pro-ceso de subasta bajo análisis. Aunque la peticionaria se equivoca con respecto al fundamento para solicitar que se aplique el dictamen en cuestión, lo cierto es que su solici-tud procede al amparo de otro fundamento, a saber, porque existe una disposición de ley que así lo requiere.
HH HH t — I
Como vimos antes, al Art. 1 de la Ley Núm. 458, supra, prohíbe que las agendas, las corporadones públicas, los municipios y las Ramas Legislativa y Judicial adjudiquen subastas o contraten con personas naturales o jurídicas convictas de ciertos delitos o que han hecho alegación de culpabilidad. A su vez, el Art. 2 (3 L.RR.A. sec. 928a) de dicho estatuto incluye en la definición de "persona jurídica” a todo el que sea considerado para estos fines un alter ego de la misma. Si sustituimos el concepto “persona jurídica” por “alter ego” en el texto de la disposición, debemos concluir que las entidades gubernamentales mencionadas no pueden adjudicar subastas o contratar también con el que sea considerado para estos fines un alter ego de la persona jurídica convicta o que ha hecho declaración de culpabilidad, lo cual —sin duda— requiere que haya recaído una determinación a esos efectos.
Ahora bien, esto no implica que debamos endosar la teo-ría que subyace bajo las alegaciones de R & B Power, Inc. sobre que se requiere una determinación de “alter ego” en cada subasta en que participe, a menos que este Tribunal paute que ella, efectivamente, es un subterfugio de Cle-mente Santisteban, Inc. para licitar en subastas gubernamentales. Nada en la ley requiere que la declara-ción de “alter ego” la haga un tribunal de determinada jerarquía. Más bien, basta con que exista un dictamen rea-lizado por un foro con jurisdicción y competencia para que *836 entre en función la prohibición de adjudicar subastas o contratar con la persona jurídica en cuestión.(5)
De hecho, basta con tomar conocimiento judicial de un buen número de casos en los que el foro apelativo se ha enfrentado de una forma u otra a esta controversia,(6) para comprender las consecuencias de una interpretación que conlleve una determinación de alter ego en cada proceso de subasta en que intervenga R & B Power, Inc. o cualquier otra entidad creada para burlar los propósitos del estatuto. Una norma a esos efectos propiciaría la coexistencia de dictámenes judiciales inconsistentes, lo que atentaría contra la estabilidad y seguridad jurídica de las partes. A su vez, dicho análisis implicaría un escollo sustancial en el proceso de aplicar las disposiciones de la Ley Núm. 458, supra, lo cual tendría el efecto de impedir que el Estado se asegure de contratar con personas de probada honestidad. Todo ello, sin duda, iría en detrimento del valor custodiado por la Ley, que no es otra cosa que lograr el mejor manejo de los fondos públicos y combatir la corrupción en todas sus vertientes. Véase Exposición de Motivos de la Ley Núm. 458, supra, 2000 (Parte 3) Leyes de Puerto Rico 3009-3100.
Por otro lado, tampoco podemos avalar la postura de R & B Power, Inc. porque estamos impedidos de aplicar las disposiciones de la Ley Núm. 458, supra, por el mero hecho de que a la fecha en que se adjudicó la subasta aún no era final y firme la Sentencia mediante la cual se determinó *837 que para estos fines ella es un alter ego de Clemente San-tisteban, Inc. Téngase presente que la finalidad y firmeza del dictamen es requisito de la doctrina de cosa juzgada, la cual, como indicamos antes, no aplica a los hechos de este caso porque el carácter vinculante de la Sentencia emitida en CASCO Sales v. Departamento de Agricultura, KLRA2005-00366, viene dado por disposición de ley.
De todas maneras, la ausencia de firmeza en la declaración de alter ego al momento de la adjudicación de la subasta que nos concierne, no impide que pongamos en vigor las disposiciones de la Ley Núm. 458, supra, sobre todo si tomamos en cuenta que una sentencia es efectiva hasta que sea revocada o anulada. Este resultado se impone todavía más si tomamos en cuenta que el adecuado manejo de los fondos del erario constituye un asunto investido de alto interés público. Así lo enfatizó el propio legislador como preámbulo del estatuto bajo análisis, en cuanto sostuvo que “[e]ntre las mayores responsabilidades del Gobierno, figura indudablemente el deber de velar por el uso y manejo apropiado de los fondos públicos y el evitar cualquier acto o conducta que afecte negativamente el uso adecuado de tales fondos”. Exposición de Motivos de la Ley Núm. 458, supra, págs. 3009-3100. Precisamente, en consideración al valor intrínseco de la política pública que la Ley Núm. 458, supra, pretende vindicar, estamos llamados a interpretar sus disposiciones de forma tal que no se obstaculice su aplicación.
Además de lo anterior, cabe destacar que, si bien para esa fecha aún estaba pendiente de revisión el dictamen en cuestión, lo cierto es que hoy este dictamen goza de finali-dad y firmeza.(7) Por lo tanto, conforme el mandato de la Ley Núm. 458, supra, debemos tomar conocimiento del mismo *838 para determinar si procede mantener en vigor la adjudicación de la subasta a favor de R & B Power, Inc.(8)
Por último, debemos señalar que —contrario a lo que aduce R & B Power, Inc.— el hecho de que haya transcurrido el término de prohibición establecido en la ley, no impide que pongamos en vigor sus disposiciones para efectos de la subasta objeto de revisión. Ciertamente, la prohibición de contratar o adjudicar subastas a favor de una entidad convicta o que ha hecho declaración de culpabilidad por uno de los delitos contemplados en la ley no es indefinida. Actualmente, dicha limitación tiene una duración de veinte años en casos por delito grave y de ocho años en casos por delito menos grave. 3 L.P.R.A. sec. 928d.
No obstante, antes de una enmienda introducida me-diante la Ley Núm. 84 de 29 de julio de 2001, la limitación en cuestión tenía una duración diez años a partir de la convicción correspondiente en casos por delito grave y de cinco años en casos por delito menos grave. Precisamente, este último término es el que aplica a los hechos de este caso, ya que la enmienda que aumenta el término no tiene efecto retroactivo.(9) En conformidad con ello, y dado que Clemente Santisteban, Inc. se declaró culpable el 29 de mayo de 2001 por un delito menos grave, debemos concluir que el término aplicable de cinco años se cumplió el 29 de mayo de 2006.
Ahora bien, el hecho de que se haya cumplido el término de cinco años, aplicable a la prohibición de contratar o ad-judicar subastas a favor de Clemente Santisteban, Inc. o quien pueda ser considerado para estos fines su alter ego, *839 no implica que el impedimento no existiera para la fecha en que se adjudicó la subasta. Debemos recordar que nues-tro dictamen no pretende disponer de la capacidad actual de R & B Power, Inc. para participar en subastas guberna-mentales, sino de su habilidad para resultar acreedora de la buena pro en la subasta que nos ocupa. Es decir, nuestra intervención se limita a pasar juicio sobre la corrección de la determinación emitida por la Junta de Subastas y ava-lada por el Tribunal de Apelaciones en este caso, y no pre-tende juzgar la elegibilidad de R & B Power, Inc. para in-tervenir como licitadora en subastas posteriores. Así, aunque ha transcurrido el término de prohibición aplica-ble, lo cierto es que para la fecha en que se adjudicó la subasta que nos ocupa la limitación estaba vigente.(10)
Aclarado lo anterior, resulta forzoso concluir que no se puede sostener el resultado de la subasta celebrada en este caso. Ello ya que la prohibición de que las agencias, corpo-raciones públicas, municipios y las Ramas Legislativa y Judicial adjudiquen subastas o contraten con una persona jurídica convicta o que se ha declarado culpable de cometer alguno de los delitos contemplados en la ley, se extiende a todo aquel que para estos fines sea considerado un alter ego o subterfugio de ésta. Dado que un foro con jurisdicción y competencia ya llegó a la determinación de que R & B Power, Inc. se considera un alter ego de una entidad que hizo alegación de culpabilidad por un delito constitutivo de fraude, el municipio de Barranquitas estaba impedido de adjudicar la subasta a su favor y, por ende, de contratar con ella para servicios o la venta o entrega de bienes.
Por los fundamentos que anteceden, revocamos el dicta-men del Tribunal de Apelaciones y, en consecuencia, el de la Junta de Subastas del Municipio de Barranquitas.

Se dictará sentencia de conformidad.

*840 La Jueza Asociada Señora Fiol Matta disintió sin opinión escrita.

 Para esa fecha, la Sentencia aludida aún no era final y firme, ya que R & B Power, Inc. había presentado un recurso de certiorari ante este Tribunal.

 Clemente Santisteban, Inc. se declaró culpable de violar la disposición en 18 U.S.C.A. sec. 1001(a), sobre declaraciones falsas (presentación de información falsa ante el Servicio de Aduanas Federal). No existe controversia en cuanto a que el fraude es un elemento constitutivo de dicho delito.

 Para la fecha en que el Tribunal de Apelaciones emitió esa determinación, la Sentencia mediante la cual se declaró que R & B Power, Inc. es un alter ego de Clemente Santisteban, Inc. aún no era final y firme porque —si bien se había dene-gado ya el recurso presentado ante esta Curia— todavía quedaba por resolver una moción de reconsideración presentada oportunamente.

 Los delitos por cuya convicción aplica la prohibición son los siguientes: (1) apropiación ilegal agravada en todas sus modalidades; (2) extorsión; (3) fraude en las construcciones; (4) fraude en la ejecución de obras de construcción; (5) fraude en la entrega de cosas; (6) intervención indebida en los procesos de contratación de subas-tas o en las operaciones del Gobierno; (7) soborno en todas sus modalidades; (8) soborno agravado; (9) oferta de soborno; (10) influencia indebida; (11) delitos contra fondos públicos; (12) preparación de escritos falsos; (13) presentación de escritos falsos; (14) falsificación de documentos, y (15) posesión y traspaso de documentos falsificados. La ley dispone que para fines de la jurisdicción federal o de los estados o territorios de Estados Unidos de América, aplicará la prohibición contenida en casos de convicción por los delitos cuyos elementos constitutivos sean equivalentes a los de los referidos delitos. 3 L.P.R.A. sec. 928b.

 Nótese que, conforme al texto de la Ley Núm. 458 de 29 de diciembre de 2000, la prohibición general de adjudicar una subasta gubernamental o contratar con una persona convicta o que ha hecho alegación de culpabilidad por alguno de los delitos mencionados, también se basa en un dictamen de un foro con jurisdicción y competencia (el que determina la convicción).

 Véanse, por ejemplo: CASCO Sales Company, Inc, v. Departamento de Agricultura (KLRA0500366); R & B Power, Inc. v. Autoridad de Energía Eléctrica (KL-RA200400557); CASCO Sales Company, Inc. v. Municipio de Vega Alta (KLRA200600686); Clemente Santisteban, Inc. v. Municipio de Toa Baja (KLRA0200692, KLRA0200877, KLRA.0200900); CASCO Sales Company, Inc. v. Departamento de Agricultura (KLRA200400270).

 Ello en vista de que el 19 de mayo de 2006 este Tribunal declaró “no ha lugar” una moción de reconsideración presentada por R & B Power, Inc., luego de haberse denegado una petición de certiorari mediante la cual se solicitaba la revoca-ción del dictamen que decretó su inhabilidad para licitar en subastas gubernamentales.

 Téngase en cuenta, además, que al adjudicar una controversia, este Tribunal —como norma general — debe aplicar la ley según la situación imperante en ese momento, y no según se encontraba al momento de la adjudicación en primera instancia. Noriega v. Hernández Colón, 135 D.P.R. 406, 439 esc. 38 (1994); Berberena v. Echegoyen, 128 D.P.R. 864, 872 (1991).

 Así surge del texto mismo de la enmienda, en el cual se dispuso que ésta comenzaría a regir inmediatamente después de su aprobación. Art. 6 de la Ley Núm. 84 de 29 de julio de 2001, Leyes de Puerto Rico, págs. 355-356. Ello, sumado al hecho de que la ley vigente establece que sus disposiciones no tendrán efecto retroactivo, despeja cualquier duda con respecto a su aplicación prospectiva. 3 L.P.R.A. sec. 928h.

 Esto, incluso, podría tener implicaciones adicionales a la mera revocación del resultado de la subasta. Ello porque, además de establecer la prohibición discu-tida, la ley también ordena la rescisión automática de los contratos vigentes para la fecha en que se declaró la convicción o culpabilidad. 3 L.P.R.A. sec. 928c.