EDWARD S. FLEMING, demandante y recurrente, *v.* THE TOA ALTA DEVELOPMENT CORP., THE SLAB MANUFACTURING CORP., FRANCISCO VIEJO, CARMELO PÉREZ, FERDINAND PÉREZ, EUGENIO PÉREZ, demandados y recurridos.

*Número:* R-67-198 *Resuelto:* 11 de junio de 1968

*Benigno Pacheco Tizol,* abogado del recurrente.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Dávila.

PER CURIAM: En 14 de mayo de 1964 el Tribunal Superior, Sala de Bayamón, dictó sentencia condenando a la Toa Alta Development Corporation a satisfacer a Edward S. Fleming la suma de $6,750, más intereses y costas. [1] Ocho meses después, el recurrente incoó un pleito en cobro de sentencia en el cual incluyó como partes demandadas a la Toa Alta Development Corporation, la Slab Manufacturing Corporation, y a los señores Francisco Viejo, Carmelo Pérez, Ferdinand Pérez y Eugenio Pérez. Una primera demanda enmendada se presentó en 30 de julio de 1965. Se alegó la identidad de incorporadores, accionistas y directores de ambas corporaciones, así como la del lugar de la oficina principal, que el activo de la Toa Alta fue traspasado a la Slab, "siendo las propiedades de una de esas corporaciones las mismas propiedades de la otra corporación"; y que luego de dictada la sentencia mencionada la Toa Alta cambió su nombre corporativo a Slab. Se adujo además que todo ello obedecía al propósito de defraudar al demandante del importe de la sentencia dictada a su favor, que existía identidad

---

[1] La sentencia, dictada en rebeldía, se originó en una reclamación de Fleming por sueldos devengados por el período comprendido entre el 1 de febrero y el 13 de junio de 1963 como administrador e ingeniero jefe de una planta industrial de la Toa Alta Development Corporation. (Exh. 1, Demandante.)

completa entre ambas entidades y que eran un instrumento económico pasivo, conducto o *alter ego* de los accionistas.

La vista del caso se celebró sin la comparecencia de la parte demandada, a pesar de que su abogado fue notificado. ([2])

El tribunal de instancia dictó sentencia declarando con lugar la demanda en cuanto a las dos corporaciones y sin lugar respecto a los otros demandados. Formuló las siguientes determinaciones de hechos:

"Las dos corporaciones demandadas, The Toa Alta Development Corp. y la Slab Manufacturing Corp. hacen negocios en Puerto Rico, tienen su oficina en Bayamón, Puerto Rico, y ambas fueron organizadas por los demandados Francisco Viejo, Carmelo Pérez, Ferdinand Pérez y Eugenio Pérez. Estos demandados organizadores de dichas corporaciones también son sus oficiales y directores. La Toa Alta Corp. fue organizada primero y la Slab Corp., años más tarde.

En 14 de mayo de 1964, existiendo la Toa Alta Corp., pero no la Slab Manufacturing Corp., el Tribunal General de Justicia de Puerto Rico, Sala de Bayamón, dictó sentencia en un caso de reclamación de salarios por la suma de $6,750.00 e intereses a razón del 6% contra la Toa Alta Corp. Después de dictada esta sentencia los oficiales, organizadores y directores de la Toa Alta Corp. organizaron la Slab Corp. y traspasaron a esta última corporación todos los bienes muebles e inmuebles que tenía la primera corporación, sin haber pagado al demandante la referida sentencia.

Que cuando la Toa Alta Development Corp. empleó al demandante le informó que el negocio era bueno y tenía dinero y propiedades para pagarle sus sueldos, pero cuando el demandante dejó de trabajar con esa corporación le debían la suma antes indicada, correspondiente a sueldos por meses de 1962 y 1963; y cuando obtuvo la citada sentencia se encontró que no podía ejecutarla porque las propiedades no sólo habían pasado de la Toa Alta a la Slab Corp. sino también porque todas las propiedades que pasaron o traspasaron a esa última corpora-

---

([2]) Los demandados radicaron una contestación en la que en esencia negaron los hechos alegados en la demanda.

ción, estaban gravadas y comprometidas y no podían ejecutarse para hacer efectiva la sentencia."

Se señala como error la actuación del tribunal a quo al desestimar la demanda en cuanto a los accionistas, incorporadores y directores.

■ El derecho aplicable fue expuesto en forma precisa en *Cruz* v. *Ramírez*, 75 D.P.R. 947, 954 (1954), en las siguientes palabras:

"Estamos conscientes de que la corporación tiene una personalidad jurídica independiente de sus accionistas. Pero si la corporación es meramente un 'alter ego' o conducto o instrumento económico pasivo ('business conduit') de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la gestión corporativa, entonces los accionistas serían individualmente responsables si ello es necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ('wrong')."

Este principio general de Derecho corporativo depende en su aplicación de los hechos y circunstancias de cada caso. Así lo expresamos en la opinión antes citada al decir que "Naturalmente, si en determinado caso se ha de prescindir de la ficción corporativa, ello depende de los hechos específicos de cada caso, a la luz de los principios generales arriba señalados, y ello debe ser resuelto por el tribunal de primera instancia al considerar la prueba." Véanse, entre otros, *South P.R. Sugar Corp.* v. *Junta Azucarera*, 88 D.P.R. 43, 56 (1963); *J. E. Candal & Co.* v. *Rivera*, 86 D.P.R. 508 (1962); *Roberto Colón Mach. & Mfg. Co.* v. *Srio. de Hacienda*, 78 D.P.R. 912 (1956); *Sucn. Pérez* v. *Gual*, 76 D.P.R. 959 (1954); cf. *Feliciano Ruiz* v. *Alfonso Develop. Corp.*, 96 D.P.R. 108 (1968).

Es precisamente en este aspecto—establecer que la entidad corporativa se ha utilizado para propiciar un fraude o perpetrar una injusticia—que fracasó la parte actora. La

prueba presentada no justifica conclusión alguna a ese respecto. Veamos.

Al prestar testimonio en su causa el demandante Fleming se limitó a declarar que los señores Viejo y Pérez eran oficiales tanto de una como de la otra corporación, que no pudo hacer efectiva la sentencia obtenida contra la Toa Alta Development Corporation porque "la propiedad . . . fue transferida a la Slab Corporation", y que a sus requerimientos se le informó que la corporación deudora no tenía fondos. También se ofrecieron en evidencia dos certificaciones de la Secretaría de Estado que contienen copias de los balances de número a 31 de diciembre de 1964 y de situación a 29 de febrero de 1964 de ambas corporaciones para intentar establecer, entre otras cosas, la identidad de los directores y el traspaso de los bienes (T.E., pág. 12).

 Aparentemente el recurrente descansa en que existiendo una deuda corporativa insoluta debido al malestar económico por que atravesaba la corporación deudora, los directores son responsables porque los bienes del acervo social están gravados o responden de otros créditos garantizados. Claramente esto no basta. Si así fuese se destruiría el principio de responsabilidad limitada que es consustancial con la ficción corporativa. Debe demostrarse algo más para conducir a la conclusión de que se ha establecido la corporación o se han manejado sus negocios con propósitos de defraudar y en este caso de impedir que un acreedor cobre su acreencia. La prueba no establece ese supuesto,(3) y más

---

(3) Un examen de la prueba documental desvirtúa la mayor parte de las determinaciones de hecho del tribunal a quo. Veamos. (1) Cuando se dictó la sentencia de 14 de mayo de 1964 cuyo cobro se intenta ya se había organizado—desde el 15 de julio de 1963—la Slab Manufacturing Corporation. Se desvirtúa así la insinuación de que la organización de esta última respondió al propósito de impedir que el recurrente cobrara la sentencia. (2) Se concluyó—probablemente basado en la afirmación del demandante en tal sentido—que la Toa Alta Development Corp. había transferido sus bienes a la Slab Manufacturing Corporation, impidiendo así la ejecución de la sentencia. Sin embargo, los estados de situación y

bien tiende a establecer que la Toa Alta Development Corporation no tuvo éxito en su gestión de negocios.[4]

■ En el alegato del recurrente se hace referencia a la responsabilidad exigible a los directores por haber autorizado con sus votos a que se incurriera en la deuda. *Cruz v. Ramírez,* supra, a las págs. 955–958. La dificultad a que se enfrenta es que el Art. 35 de la anterior Ley de Corporaciones, Ley Núm. 30 de 9 de marzo de 1911, no fue incorporado en el estatuto vigente, y que esa norma absoluta de responsabilidad ya no impera.[5]

■ Finalmente, no habiendo sido disuelta la Toa Alta, no puede exigírsele a los recurridos responsabilidad como liquidadores. Tampoco se alegó ni se probó que individualmente hayan recibido o se hayan apropiado bienes o parte del activo social.[6]

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 25 de mayo de 1967.*

---

el balance de número de las corporaciones revelan que, tanto al 29 de febrero como al 31 de diciembre de 1964, cada entidad tenía su propio activo separado e independiente. Por ejemplo, en el activo fijo de la Toa Alta figuran edificios valorados en $115,976.91; en el de Slab sólo equipo y maquinaria, con un valor aproximado de $36,000.

[4] Al 31 de diciembre de 1964 adeudaba $444,484.88 de obligaciones bancarias vencidas. Aparentemente los directores le habían facilitado en préstamo a la corporación la suma de $47,351.62. El capital pagado era de $160,000.

[5] Las disposiciones de la vigente ley que expresamente exigen responsabilidad personal a los directores aparecen en los Arts. 403 (préstamos a oficiales o directores), 404 (informes falsos), 521 (pago ilegal de dividendos), según instrumentados por el Art. 1202, 14 L.P.R.A. secs. 1403, 1404, 1521 y 2202. Baker y Cary, *Cases and Materials on Corporations* (1959), pág. 624.

[6] En la disolución eventual los salarios devengados por los empleados dentro de los seis meses anteriores a la disolución, tendrán prelación en la distribución aun sobre los créditos garantizados. Art. 1011 de la Ley de Corporaciones de 1956, según enmendado por la Ley Núm. 104 de 6 de junio de 1967 (Leyes, pág. 353), 14 L.P.R.A. (Supl.) sec. 2011.