Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOHN GRAZEL, INC.<br><br>Apelante<br><br>v.<br><br>SOLETANCHE, INC.<br>ACCIONISTAS Z, Y y Z<br><br>Apelado | TA2026AP00274 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2026CV01573 (903)<br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de abril de 2026.

Comparece ante este tribunal apelativo, John Grazel, Inc. (John Grazel o Apelante) mediante el recurso de *apelación* de epígrafe solicitándonos que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 4 de marzo de 2026, notificada el día siguiente. En dicho dictamen, el foro primario resolvió desestimar y archivar la demanda presentada por el apelante, al razonar que no procedía el nombramiento de un síndico; toda vez que la corporación continuaba con vida y personalidad jurídica hasta que se terminen de ejecutar las sentencias pendientes.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El presente caso tiene su génesis en el desarrollo del proyecto para la construcción de la represa del Río Blanco en el municipio de Naguabo. El 14 de enero de 2005, la Autoridad de Acueductos y Alcantarillados (AAA) contrató con LPC&D para la realización del

proyecto, mientras CSA Group fue contratado como gerente del proyecto.[1]

El 22 junio de 2005, LPC&D y Soletanche suscribieron un subcontrato en el que esta última se obligó a construir las columnas de piedra. El 24 de junio de 2005, Soletanche inició conversaciones con la empresa común, compuesta por John Grazel, Inc. y Hayward Baker, Inc., para subcontratarle el trabajo correspondiente a los pilotes de piedra por $3,539,125.[2]

El 1 de enero de 2006, tras la subcontratación entre Soletanche y la empresa común, compuesta entre John Grazel y Hayward Baker, las partes suscribieron un *Joint Venture Agreement,* en el que esta entidad corporativa estableció la división de tareas y pagos correspondientes. Como consecuencia del acuerdo entre las partes, la empresa común ejecutó los trabajos de estabilización de suelos en el mencionado proyecto.[3]

Eventualmente, el 21 de diciembre de 2006, Hayward Baker, Inc., como *Managing Partner* de la empresa común y Soletanche, Inc. suscribieron un *Joint Cooperation and Prosecution Agreement* mediante el cual establecieron los acuerdos de cooperación y remedios sobre reclamaciones y asuntos pendientes en la ejecución del trabajo subcontratado en el proyecto. A través de este acuerdo de cooperación, se estableció que la empresa común es la acreedora, en partes iguales, del 49% de las cantidades adjudicadas o transigidas, y Soletanche será del restante 51%.[4]

El 26 de diciembre de 2006, Soletanche presentó una demanda en cobro de dinero e incumplimiento de contrato por

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1, alegaciones números 4-7, a las págs. 1-2.
[2] *Íd.*, alegaciones números 6-7, a la pág. 2.
[3] *Íd.*, alegación núm. 13, a las págs. 2-3.
[4] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1.

$4,366,026.15 contra la AAA, LPCD y CSA Group, entre otros.[5] Dicho caso se atendió en el foro primario bajo la nomenclatura KAC2006-8443. Soletanche reclamó la suma de $4,366,026.15 por los siguientes conceptos, a saber:

| | | |
|---|---|---|
| a) | Largo de columnas construidos e instalados y no pagados | $770,241.08 |
| b) | Cambios en los criterios de compactación de la piedra, incrementando el diámetro de las columnas | $1,103,020.31 |
| c) | Detención en la compactación de las puntas de arena de los pilotes | $314,777.50 |
| d) | Conforme contrato, tiempo de turnos estáticos y estériles por retrasos causados por otros | $1,215,218.31 |
| e) | Trabajo certificado y adeudado desde al menos mayo de 2006 | $962,768.95 |

Luego de varios incidentes procesales, innecesarios pormenorizar, Soletanche se disolvió en el 30 de diciembre de 2010 y, el 6 de mayo de 2019, notificada el día siguiente, el TPI emitió una Sentencia en la que adoptó el informe del Comisionado Especial, en el que se concedían las partidas solicitadas y de las que la empresa común es acreedora.[6] Dicha Sentencia, así como varias determinaciones post-sentencia, fueron recurridas en diversos recursos ante este foro apelativo.[7] El 30 de junio de 2023, un Panel hermano de esta *Curia* modificó y, así modificada, confirmó la Sentencia del 6 de mayo de 2019, dejando intacta las cantidades reclamadas por Soletanche.[8]

Finalmente, el 22 de julio de 2025, la AAA consignó $4,366,026.14, correspondientes al retenido de la obra no pagado.[9] El 13 de noviembre de 2025, el TPI ordenó el retiro de $969,720.74

---

[5] SUMAC TA, Entrada núm. 1; véase, además, SUMAC TPI, Entrada Núm. 1, alegaciones números14-16.

[6] SUMAC TA, Entrada núm. 1.

[7] Véase KLAN201900932, KLAN201900933, KLAN201900934, KLAN202200633, KLAN202200634, KLAN202200643, KLAN202200726, KLCE202201012, y KLCE202201013, entre otros.

[8] KLAN202200633 consolidado.

[9] *Íd.*; SUMAC TA, Entrada núm. 1.

a favor de Soletanche.[10] Corolario de esto, el 28 de enero de 2025, John Grazel presentó una *Solicitud de Intervención* como acreedor y parte con interés en la ejecución de la Sentencia de 2019.[11] El foro primario denegó la solicitud, John Grazel recurrió la misma mediante un recurso de *certiorari* ante este foro intermedio. El 9 de febrero de 2026, este tribunal apelativo denegó expedir el recurso solicitado por John Grazel.[12]

En lo aquí concerniente, el 2 de marzo de 2026, la parte apelante incoó ante el TPI una *Demanda* contra Soletanche. Mediante la referida demanda, solicitó el nombramiento de un síndico para administrar el patrimonio de la parte demandada y el correspondiente pago por las cuantías adeudadas.[13] Fundamentó su solicitud al amparo del Artículo 9.09 de la Ley de Corporaciones la Ley General de Corporaciones, Ley núm. 164-2009, según enmendada, 14 LPRA sec. 3709 (Ley General de Corporaciones). El 4 de marzo de 2026, notificada al día siguiente, el TPI emitió la *Sentencia* apelada mediante la cual desestimó sin perjuicio la demanda instada por John Grazel.

Asimismo, el foro *a quo* razonó:[14]

> Por otra parte, y tomando conocimiento del expediente KAC2006-8443, surge una Resolución del Tribunal de Apelaciones de tan reciente como el 9 de febrero de 2026 denegando la expedición del recurso de Certiorari presentado por John Grazel para dar paso a su solicitud de intervención en el caso KAC2006-8443. Dicha solicitud de intervención es un reconocimiento de que el caso KAC2006-8443 no ha culminado.

> Del breve tracto antes esbozado claramente surge que la Sentencia emitida por el Tribunal de Apelaciones en el caso KAC2006-8443 no ha sido totalmente ejecutada; por lo que a la luz del artículo 9.08 de la Ley General de Corporaciones, Soletanche, Inc. no está sujeta al remedio provisto por el Artículo 9.09 de la Ley General de Corporaciones, toda vez que: "[...] en caso de que una corporación haya quedado disuelta y el término dispuesto por el Art. 9.08 de la Ley General de Corporaciones, supra, haya expirado, el único remedio

---

[10] SUMAC TA, Entrada núm. 1.
[11] Véase, TA2025CE00839.
[12] *Íd.*
[13] SUMAC TPI, Entrada núm. 1.
[14] SUMAC TPI, Entrada núm. 4, a las págs. 2-3.

que existe para liquidar cualquier propiedad que aún posea la corporación, es el procedimiento dispuesto en el Art. 9.09 de nuestra Ley General de Corporaciones [...]" (énfasis suplido) *Miramar Marine et al. v. Citi Walk et al.* 198 DPR 684, 697 (2017). Sobra añadir que resultaría contradictorio que en el caso de autos se nombre un síndico o administrador judicial para que en representación de y para beneficio de Soletanche, Inc., se haga cargo del patrimonio de la corporación y cobre los créditos y recobre los bienes de dicha corporación con poder de demandar y defender, a nombre de la corporación, cuando aún Soletanche, Inc. continúa como una parte y entidad jurídica en el caso KAC2006-8443.

Inconforme con la determinación, ese mismo día, John Grazel presentó una *Moción de Reconsideración*[15], la cual fue declarada *No Ha Lugar* el día siguiente.[16]

Aún en desacuerdo con la determinación, la parte apelante recurrió ante esta *Curia* imputándole al TPI haber incurrido en el siguiente error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA DE ARCHIVO DE LA DEMANDA PRESENTADA POR JOHN GRAZEL, INC. POR ENTENDER QUE NO PROCEDE SOLICITAR EL NOMBRAMIENTO DE UN SÍNDICO SIN ESPERAR A LA CULMINACIÓN DEL TÉRMINO DISPUESTO EN EL ARTÍCULO 9.08 DE LA LEY GENERAL DE CORPORACIONES.

Analizado el recurso de *Apelación* y el expediente apelativo; así como el derecho aplicable, procedemos a resolver.

**II.**

La figura de la corporación nace con la intención de facilitar y promover las actividades comerciales en Puerto Rico. Exposición de Motivos de la Ley General de Corporaciones, *supra*; *Miramar Marine et al. v. Citi Walk et al.*, 198 DPR 684 (2017). Como es sabido, una de las características medulares de las corporaciones es que las mismas poseen personalidad jurídica propia, separada y distinta a la de sus incorporadores y accionistas. *Acevedo et al. v. Igl. Católica et al*, 200 DPR 458 (2018). Es norma reiterada por nuestros tribunales que, de no reconocerse la personalidad jurídica distinta

---

[15] *Íd.* Entrada núm. 4.
[16] *Íd.* Entrada núm. 5.

y separada de la corporación con relación a la de sus accionistas, "se destruiría el principio de responsabilidad limitada que es consustancial con la ficción corporativa". *Fleming v. Toa Alta Develop. Corp.*, 96 DPR 240, 244 (1968). Esta personalidad jurídica se extiende hasta que la corporación deja de existir. *Miramar Marine et al. v. Citi Walk et al.,* supra, a la pág. 692.

La disolución de una corporación es el proceso mediante el cual se pone fin a la existencia de esta. *Íd.,* a las págs. 691-692.[17] Asimismo, en los Artículos 9.03 a la 9.15 del Capítulo IX de la Ley General de Corporaciones, a las secs. 3703-3715, se regula el proceso de disolución de una corporación. Junto con la disolución comienza el proceso de liquidación del ente corporativo. Durante este proceso, "[l]a corporación, entre otros asuntos, tiene antes que pagar las obligaciones pendientes, cobrar sus acreencias y distribuir cualquier sobrante entre los accionistas, de conformidad a las prioridades que sus acciones les confieren". *Miramar Marine et al. v. Citi Walk et al.,* supra.

En específico, sobre la continuidad de la personalidad jurídica de la corporación una vez disuelta, el Artículo 9.08 de la Ley General de Corporaciones, 14 LPRA sec. 3708, establece que:

> Toda corporación que se extinga por limitación propia o que por otro modo se disuelva, continuará como cuerpo corporativo por un plazo de tres (3) años a partir de la fecha de extinción o de disolución o por cualquier plazo mayor que el Tribunal de Primera Instancia (Sala Superior) en el ejercicio de su discreción disponga a los efectos de llevar adelante los pleitos entablados por la corporación y de proseguir con la defensa de los pleitos entablados contra ella, ya sean civiles, criminales o administrativos, así como a los efectos de liquidar y terminar el negocio, de cumplir con sus obligaciones y de distribuir a los accionistas los activos restantes. No podrá continuar la personalidad jurídica con el propósito de continuar los negocios para los cuales se creó dicha corporación.
>
> Respecto a cualquier acción, pleito o procedimiento entablado o instituido por la corporación o contra ella, antes de su extinción o dentro de los tres (3) años

---

[17] Citando a Díaz Olivo, *Corporaciones: tratado sobre derecho corporativo,* Colombia, [s. Ed.], 2016, págs. 2 y 45*;* M. Muñoz Rivera, *Ley de Corporaciones de Puerto Rico: análisis y comentarios,* 1ra ed., San Juan, Ed. Situm, 2015, pág. 371.

siguientes a su extinción o disolución, la corporación continuará como entidad corporativa después del plazo de los tres (3) años y hasta que se ejecuten totalmente cualesquiera sentencias, órdenes o decretos respecto a las acciones, pleitos o procedimientos antes expresados, sin la necesidad de ninguna disposición especial a tal efecto por parte del Tribunal de Primera Instancia (Sala Superior).

Por su parte, el Artículo 9.09 de la Ley General de Corporaciones, 14 LPRA sec. 3709, dispone que:

**Cuando se disolviere alguna corporación con arreglo a las disposiciones de esta Ley, el Tribunal de Primera Instancia (Sala Superior), en cualquier momento y a petición de cualquier acreedor o de cualquier accionista o director de la corporación, o a petición de cualquiera que a juicio del Tribunal muestre justa causa para ello, podrá nombrar como síndico a uno o a varios de los directores de la corporación o designar administrador judicial a una o más personas**, en representación de y para beneficio de la corporación, para que tales administradores judiciales o síndicos se hagan cargo del patrimonio de la corporación y cobren los créditos y recobren los bienes de la corporación con poder de demandar y defender, a nombre de la corporación, para entablar todos los litigios que sean necesarios para los propósitos antes expuestos, y para nombrar agente o agentes bajo sus órdenes y **para ejecutar todos los actos que la** corporación **realizaría, si existiera y que sean necesarios para la liquidación final de los asuntos corporativos pendientes**. Las facultades de los administradores judiciales y los síndicos podrán prorrogarse por el tiempo que el Tribunal de Primera Instancia (Sala Superior) estime necesario para los fines antes mencionados. (Énfasis Nuestro)

En este ejercicio, la referida norma estatuida en el Artículo 9.09, provee para que, ante la disolución de una corporación, el Tribunal de Primera Instancia nombre un síndico o administrador judicial para que este se haga cargo del patrimonio de la corporación para, entre otras cosas, **realizar la liquidación final de los asuntos corporativos pendientes.** *Colón Vázquez v. Báez Pérez*, 214 DPR 1062, 1084 (2024).

Al momento de interpretar el Artículo 9.09 de la Ley General de Corporaciones nuestro más alto foro lo ha analizado de manera análoga a la Sección 279 de la Ley General de Corporaciones de Delaware, 8 Del. C. Sec. 279, sección de la que proviene nuestro Artículo 9.09. En esencia, el Tribunal Supremo ha reiterado que esta sección busca "salvaguardar el recobro y la administración de los

aún existentes derechos propietarios de la corporación disuelta una vez transcurre el plazo de tres años después de la disolución". *Colón Vázquez v. Báez Pérez,* supra, a la pág. 1085; *Miramar Marine et al. v. Citi Walk et al.,* supra, a la pág. 695.

Corolario de lo anterior, al activarse este proceso, todos los bienes de la corporación disuelta pasan a formar parte de un fideicomiso. El síndico o el administrador judicial, como representante de la corporación, será el encargado del fideicomiso. *Colón Vázquez v. Báez Pérez,* supra, a la pág. 1085; *Miramar Marine et al. v. Citi Walk et al., supra,* pág. 697; Así, "deberá velar por los bienes que estén en el fideicomiso y administrarlos para beneficio de los accionistas y de los acreedores". *Miramar Marine et al. v. Citi Walk et al., supra,* pág. 697; C. Díaz Olivo, *Corporaciones: tratado sobre derecho corporativo,* 2.a ed. rev., [San Juan], Ed. AlmaForte, 2018, a la pág. 385. "Al ejercer sus funciones deberá actuar con el juicio y la diligencia que observaría cualquier persona en su misma posición". *Colón Vázquez v. Báez Pérez,* supra, a las págs. 1085-1086; *Miramar Marine et al. v. Citi Walk et al., supra,* pág. 697; Díaz Olivo, *op. cit.,* pág. 385.

Ahora bien, es menester destacar que en *Miramar Marine et al. v. Citi Walk et al., supra,* la corporación objeto de la controversia intentó instar un pleito judicial para cobrar una acreencia ya transcurrido el periodo de subsistencia reconocido en el Artículo 9.08 de la Ley General de Corporaciones. En vista de esto, el Tribunal Supremo determinó **que transcurrido el referido periodo "el único remedio que existe para liquidar cualquier propiedad que aún posea la corporación, es el procedimiento dispuesto en el Art. 9.09** de nuestra Ley General de Corporaciones, *supra". Miramar Marine et al. v. Citi Walk et al., supra,* pág. 697. (Énfasis Nuestro)

No obstante, en *Colón Vázquez v. Báez Pérez,* supra, el más alto foro aclaró que, el lenguaje del Artículo 9.09 de la Ley General de Corporaciones provee para el nombramiento de un síndico o administrador judicial y, tal como lo hacen los tribunales de Delaware, al aplicar la Sección 279 de la Ley General de Corporaciones de Delaware, *supra.* Por lo que, decretó que en dicho proceder se **ha reconocido la facultad de los tribunales de nombrar un síndico o administrador judicial, aun cuando la corporación esté activa o no haya transcurrido el periodo de tres años desde su disolución**. *Colón Vázquez v. Báez Pérez,* supra, a las pág. 1086.

El Profesor Carlos Díaz Olivo llegó una interpretación similar en su libro de *Corporaciones: tratado sobre derecho corporativo.* Allí, el tratadista puertorriqueño en corporaciones razonó que los procesos dispuestos en los Artículos 9.08 y 9.09 de la Ley General de Corporaciones, *supra,* no se suceden en tiempos el uno del otro, sino que coexisten en un mismo y único proceso de liquidación. C. Díaz Olivo, *op. cit.,* a la pág. 392. En este sentido, durante el proceso de liquidación luego de la disolución de la corporación, aunque inicialmente el proceso de liquidación queda en manos del organismo rector de la entidad, **nada impide que los accionistas o los acreedores prefieran y soliciten la designación de un síndico o administrador judicial.** *Íd.*

### III.

En esencia, la parte apelante señaló que erró el TPI al archivar la demanda mediante la que solicitó el nombramiento de un síndico para la administración de la liquidación de los bienes de la corporación de Soletanche, Inc., corporación ya disuelta. Arguyó en su escrito que, como acreedor con interés sobre el caudal de la liquidación de la corporación, al amparo del Artículo 9.09 de la Ley General de Corporaciones tiene derecho a solicitar el nombramiento

de un síndico o administrador judicial. Añadió que la aplicación del Artículo 9.09, *supra,* no se encuentra condicionada a la finalización del término dispuesto en el Artículo 9.08 del estatuto, *supra.* Adelantamos que le asiste la razón.

Nuestro Tribunal Supremo ha tenido la oportunidad de interpretar, en dos ocasiones, los Artículos 9.08 y 9.09, *supra*, de la Ley General de Corporaciones. La primera en *Miramar Marine et al. v. Citi Walk et al., supra,* en el 2017 y, la segunda, en *Colón Vázquez v. Báez Pérez,* supra, en el 2024. Es menester destacar que, en ambos casos, las corporaciones se encontraban disueltas y, el término de continuación de la personalidad jurídica limitada al amparo del Artículo 9.08, ya había transcurrido. De manera que, nuestro más alto foro razonó que transcurrido el término, no existe otro remedio que activar el procedimiento establecido en el Artículo 9.09 de la Ley de Corporaciones.

Sin embargo, ello no significa que el procedimiento fijado en el Artículo 9.09, *supra*, solo puede activarse una vez finalice la personalidad jurídica limitada del Artículo 9.08, *supra.* Cónsono con este particular, en *Colón Vázquez v. Báez Pérez,* supra, se aclaró –precisamente– que en virtud del Artículo 9.09 de la Ley de Corporaciones, *supra,* los tribunales tienen la facultad para, a solicitud de un accionista o acreedor, nombrar a un síndico o administrador judicial, aun cuando la corporación esté activa o no haya transcurrido el periodo de tres años desde su disolución. *Colón Vázquez v. Báez Pérez,* supra, a las pág. 1086. En este sentido, los procesos dispuestos en los Artículos 9.08 y 9.09 de la Ley de Corporaciones, *supra,* no se suceden en tiempos el uno del otro, sino que coexisten en un mismo y único proceso de liquidación. C. Díaz Olivo, *op. cit.,* a la pág. 392. Es decir que, durante el proceso de liquidación luego de la disolución de la corporación, nada impide

que los accionistas o los acreedores prefieran y soliciten la designación de un síndico o administrador judicial. *Íd.*

En el caso ante nuestra consideración, Soletanche es una corporación ya disuelta, cuya continuidad de su personalidad jurídica limitada, ha subsistido para los únicos fines de proseguir con el procedimiento legal iniciado en diciembre de 2006. Asimismo, surge del expediente y del escrito apelativo, que John Grazel es acreedor de la mitad del 49% de las cantidades adjudicadas o transigidas en el pleito KAC2006-8443, el cual está en el proceso de ser distribuidos los fondos que se encuentran consignados en el tribunal. A su vez, surge de los hechos del caso que Soletanche ha tenido acceso al desembolso parcial de fondos sobre los que John Grazel es acreedor.

A base de lo previamente explicado, y como bien expresa el apelante, el Artículo 9.09 de la Ley núm. 164-2009 es separado e independiente de la continuación limitada de la personalidad jurídica corporativa dispuesta en el Artículo 9.08, *supra*, de la misma ley. Contrario a lo resuelto por el TPI, y según la normativa jurisprudencial antes citada, la acción para solicitar un síndico o administrador judicial, provista en el Artículo 9.09 de la ley, *supra*, no está condicionada a la expiración de la personalidad jurídica corporativa bajo el Artículo 9.08 del mismo estatuto, *supra*, ni a que culminen los procedimientos de ejecución de sentencias y órdenes bajo el Artículo 9.08, *supra*.

En fin, incidió el foro apelado al razonar que carecía de jurisdicción por los fundamentos plasmados en el dictamen recurrido. Así pues, el argumento argüido por el apelante, en la demanda; así como en el recurso, relativo a que John Grazel, como acreedor y titular de los fondos consignados en el tribunal, solicita un síndico para que una persona neutral e imparcial se haga cargo de la liquidación de la corporación en protección de sus intereses

(incluyendo el pago de la deuda a su favor) y los de las demás partes interesadas, encuentra justificación adecuada en derecho, según requiere el Artículo 9.09, *supra*. Tampoco obviemos que, como nos advierte el apelante, haberle impedido intervenir en el pleito del caso KAC2006-8443 y negarle el remedio provisto por el Artículo 9.09 de la Ley General de Corporaciones, *supra*, en el caso que nos ocupa, imposibilita hacer valer sus intereses como acreedor y lo deja en un estado de indefensión para ello.

Recordemos que el Tribunal Supremo dictaminó que el pedido al palio del Artículo 9.09 de la Ley General de Corporaciones, *supra*, pretende "salvaguardar el recobro y la administración de los aún existentes derechos propietarios de la corporación disuelta una vez transcurre el plazo de tres años después de la disolución". *Colón Vázquez v. Báez Pérez*, supra; *Miramar Marine et al. v. Citi Walk et al.*, supra.

Enfatizamos, además, que vez una vez transcurre el plazo de tres años, después de la disolución, todos los bienes de la corporación disuelta pasan a formar parte de un fideicomiso. Entonces, el síndico o administrador judicial velará por los bienes que estén en el fideicomiso y administrarlos para beneficio de los accionistas y acreedores.

Por tanto, reiteramos que no cabe duda de que el TPI tiene facultad para atender la causa de acción instada por el apelante.

En consecuencia, resulta forzoso concluir que el foro primario incidió en el error señalado.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada. En consecuencia, devolvemos el caso ante el TPI para la continuación de los procedimientos conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones